UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>  v.<br><br>JOSEPH MICHAEL QUINCY JEFFERSON,<br><br>  Defendant. | CASE NO. 2:23-cr-00109-LK<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS IN LIMINE |

This matter comes before the Court on Defendant Joseph Michael Quincy Jefferson's Motions in Limine. Dkt. No. 55. For reasons discussed below, the motions are granted in part and denied in part.

I.  BACKGROUND

The Government plans to try Jefferson before a jury for one count of Assault by Strangulation in violation of 18 U.S.C. §§ 113(a)(8) and 1153(a). Dkt. No. 13. At the time of the alleged offense, Jefferson lived on the Lummi Indian Reservation in a residence he shared with his intimate partner, "Jane Doe." Dkt. No. 61 at 2. The Government alleges that on the morning of

April 8, 2023, Jefferson and Doe got into an argument during which Jefferson physically assaulted Doe and strangled her; at some point during the argument, Doe brandished a knife. *Id.*

Jefferson has moved in limine to exclude certain evidence from the jury. He asks the Court to (1) exclude all potential government witnesses from the courtroom until they are called to testify; (2) order counsel and witnesses to refer to Jefferson and others by their names only; and (3) preclude the Government from offering any evidence at trial which had not been produced before the date of the pretrial motions deadline, which was August 19, 2024. Dkt. No. 55 at 3–4; Dkt. No. 53. The Government has stipulated to the exclusion of non-exempt witnesses from the courtroom except when testifying, but opposes Jefferson's other requests. Dkt. No. 61 at 1.

## II.  DISCUSSION

Parties may move "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A district court enjoys "wide discretion in determining the admissibility of evidence," *United States v. Abel*, 469 U.S. 45, 54 (1984), and may amend, renew, or reconsider its rulings in limine in response to developments at trial, *Luce*, 469 U.S. at 41–42. The Court's analysis is guided by Federal Rules of Evidence 401 and 403. *See Houserman v. Comtech Telecomms. Corp.*, 519 F. Supp. 3d 863, 867 (W.D. Wash. 2021).

**A.   Exclusion of Witnesses and Testimony**

    1.   <u>Witness exclusion</u>

Jefferson first moves to exclude "all potential government witnesses" from the courtroom except when testifying, "even after the witness completed their testimony, unless both parties agree that the witness will not be recalled for any reason." Dkt. No. 55 at 3. The Government does not oppose this request as to non-exempt witnesses. Dkt. No. 61 at 1.

The Court grants this motion in part. Federal Rule of Evidence 615 requires the Court, at a party's request, to exclude witnesses so that they cannot hear other witnesses' testimony, with limited exceptions set forth in Subsections (a)(1)–(4). The Government argues that its designated case agent should be able to sit at counsel's table throughout the trial. *Id.* The Court agrees: case agents designated on behalf of the prosecution in criminal cases are typically exempt from the general rule of exclusion, even if the agent is or may be a witness. *See, e.g.*, *United States v. Valencia-Riascos*, 696 F.3d 938, 941 (9th Cir. 2012). Non-exempt witnesses subject to recall will be required to exit the courtroom until called back or excused, while excused witnesses may exit or remain in the courtroom following their testimony at their election. Counsel must ensure that there are no prospective non-exempt witnesses in the courtroom during the testimony of another witness. In addition, the parties must propose joint agreed language to the Court at the pretrial conference with respect to the admonishment to witnesses not to discuss the case with non-exempt witnesses who have not yet testified or who are subject to recall.

2. Crime statistics and similar information

Second, Jefferson moves to exclude all "testimony related to crime statistics concerning a particular offense or class, the need to protect a particular class" or similar information "not specifically related to the alleged conduct from April 8, 2023, or that the government has failed to provide in discovery or properly notice." Dkt. No. 55 at 3. The Government has represented that it "does not plan to offer testimony relating to crime statistics concerning a particular offense (assault by strangulation) or class, or the need to protect a particular class." Dkt. No. 61 at 6. The Government also argues that a blanket order precluding such information at this stage is unnecessary and that the issue is not ripe. *Id.* The Court agrees and will deny Jefferson's motion as unripe; if this issue arises at trial, the Court will address it then. However, the Government should not blindside Jefferson with testimony of this nature; if it intends to offer such testimony,

it must notify Jefferson by no later than the evening prior so that the parties can address the issue with the Court the next morning before the jury is brought into the courtroom.

**B.    Referring to Jefferson and Others by Name Only**

Jefferson next asks the Court to require that "all counsel and witnesses refer to others, including Mr. Jefferson, by their names," and as to Jefferson specifically, not as "suspect" or "defendant" or any similar term. Dkt. No. 55 at 3. He argues that these terms "dehumanize him and suggest a personal opinion of his guilt." *Id.* The Government responds that it "intends to refer to all parties and witnesses by their surnames throughout trial, except during closing arguments, when the government believes referring to Jane Doe as a victim is appropriate." Dkt. No. 61 at 6. The Government notes that given Jefferson's status as a criminal defendant, and Doe having been identified as a victim in the indictment, inadvertent or infrequent use of terms such as "suspect" or "defendant" for Jefferson, and "victim" for Doe, should not result in a mistrial. *Id.*

Like the defendant in *United States v. Woolard*, Jefferson "has presented no evidence, statistical or otherwise, that the word 'defendant'" or any other similar term "is prejudicial[.]" No. CR18-217RSM, 2021 WL 2909160, at *2 (W.D. Wash. July 9, 2021) (noting that "it is the Court's typical practice to allow references to the 'defendant' during trial"); *see also United States v. Strickland*, No. 2:21-CR-00311 (BRM), 2024 WL 2873931, at *6 (D.N.J. June 7, 2024) ("referring to the Defendant as the 'suspect' is not inherently prejudicial, given that it does not speak to the ultimate guilt of the Defendant and any potential prejudice can be cured by a Court instruction to the jury"). Indeed, the Ninth Circuit Model Criminal Jury Instructions repeatedly use "defendant" without instructing courts to replace the term with the defendant's name. *See, e.g.*, Model Criminal Jury Instruction 8.10; *see also United States v. Pilisuk*, No. CR22-001 TL, 2023 WL 576523, at *4 (W.D. Wash. Jan. 27, 2023) (the terms "victim," "suspect," and "defendant" are "commonly

used in the legal process, and the terms 'defendant' and 'victim' appear frequently in the Ninth Circuit Model Criminal Jury Instructions").

This Court also agrees with other courts holding that the term "victim" is not inherently prejudicial. *See, e.g.*, *United States v. Lussier*, No. 18-CR-281(NEB/LIB), 2019 WL 2489906, at *5 (D. Minn. June 15, 2019); *United States v. Henery*, No. 1:14-CR-00088-BLW, 2015 WL 409684, at *5 (D. Idaho Jan. 29, 2015); *see also United States v. Washburn*, 444 F.3d 1007, 1013 (8th Cir. 2006) ("the term 'victim' in jury instructions is not prejudicial to a defendant's rights"); *United States v. Granbois,* 119 F. App'x 35, 38 (9th Cir. 2004) (similar; unpublished mem. decision).

Jefferson's motion is therefore denied. Of course, "while the terms in and of themselves do not necessarily infer any opinion, the manner in which they are used (*e.g.,* the tone, emphasis, or body language accompanying the use of the terms), could potentially convey an opinion." *Pilisuk*, 2023 WL 576523, at *4. To the extent Jefferson believes the Government or a witness is crossing this line at trial, Jefferson is free to object.

C.  **Exclusion of Evidence Produced After the Pretrial Motion Deadline**

The Court denies as unripe Jefferson's request to exclude evidence produced after the pretrial motion deadline. The Court notes that certain discovery deadlines have not yet run, *see, e.g.*, LCrR 16(d)(2), and the Government has continuing discovery obligations. Furthermore, "[e]vidence should be excluded on a motion in limine only when the evidence is clearly inadmissible [.]" *Norman v. Travelers Indem. Co.*, No. 20-CV-01250-LK, 2022 WL 16904797, at *1 (W.D. Wash. Oct. 25, 2022) (cleaned up). The Court, in its discretion, declines to rule on the admissibility of evidence where it does not have any clear indication of the particular evidence sought to be excluded, its intended use, or the alleged prejudice to the defense; without the specific evidence before it for examination, the Court cannot determine whether such evidence would be

inadmissible in all respects. *See Strickland*, 2024 WL 2873931, at *13; *United States v. Lavigne*, No. 21-20355, 2022 WL 16836336, at *11 (E.D. Mich. Nov. 9, 2022).

### III.  CONCLUSION

For the reasons set forth above, Jefferson's Motions in Limine, Dkt. No. 55, are GRANTED IN PART and DENIED IN PART.

Dated this 3rd day of September, 2024.

Lauren King
United States District Judge