UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>       v.<br><br>JOSEPH MICHAEL QUINCY JEFFERSON,<br><br>              Defendant. | CASE NO. 2:23-cr-00109-LK<br><br>ORDER ADOPTING STIPULATED SCHEDULING ORDER AND CONTINUING TRIAL |

      This matter comes before the Court on the parties' Stipulated Scheduling Order, Dkt. No. 73, filed pursuant to the Court's Order Regarding Motions to Dismiss the Indictment and Motion to Seal, Dkt. No. 70. As described below, the Court adopts the parties' proposed schedule for supplemental briefing. However, with this briefing schedule, the remaining pretrial tasks—including a potential evidentiary hearing—cannot be completed in a reasonable timeframe. The Court therefore *sua sponte* continues all remaining pretrial deadlines and the trial by three weeks—until October 21, 2024—to allow for time to give proper consideration to Jefferson's motion to dismiss and the remaining pretrial matters.

ORDER ADOPTING STIPULATED SCHEDULING ORDER AND CONTINUING TRIAL - 1

## I. BACKGROUND

On August 19, 2024, Jefferson filed several motions, including a motion to dismiss the indictment on due process grounds. Dkt. No. 56. In connection with this motion, Jefferson requested an evidentiary hearing and imposition of unspecified "remedial measures." Dkt. No. 56 at 4; Dkt. No. 67 at 1. In its September 9, 2024 order on these motions, the Court deferred ruling on significant components of Jefferson's motion to dismiss the indictment due to various problems with the parties' briefing. Dkt. No. 70 at 4. Both parties relied on evidence not in the record for their arguments without providing supporting declarations or exhibits, in violation of the Local Criminal Rules. *Id.* Jefferson's reply also introduced new facts and arguments for the first time, depriving the Government of the opportunity to respond. *Id.* at 11.

The Court accordingly ordered the parties to (1) comply with Local Criminal Rules 12(b)(1) and (2) by submitting the extra-record documents upon which they relied in their briefing and (2) file supplemental briefing on Jefferson's request for remedial measures and on the new facts and arguments introduced in Jefferson's reply brief. *Id.* at 4, 13. The Court also ordered the parties to propose a schedule for these tasks and to address whether a continuance would be needed in light of the additional time required to resolve Jefferson's motion. *See id.* at 13. On September 11, 2024, the parties submitted the following proposed briefing schedule:

- September 13, 2024: Jefferson's document submission and supplemental brief identifying "remedial measures"

- September 18, 2024: The Government's document submission and supplemental brief addressing new arguments in Jefferson's reply brief and responding to his "remedial measures" supplemental brief

- September 20, 2024: Jefferson's response addressing the Government's arguments regarding Officer Galt's report and remedial measures

Dkt. No. 73 at 1–2. The parties stipulated that a continuance of the trial was not necessary. *Id.* at 2.

## II. DISCUSSION

Had the parties filed compliant briefing, their pretrial schedule would have been as follows:

| | |
|---|---|
| Jefferson's motion to dismiss ripe for consideration | September 3, 2024 |
| Government's trial brief, witness list, exhibit list, and proposed jury instructions due by | September 16, 2024 |
| Proposed voir dire | September 20, 2024 |
| Jefferson's trial brief, witness list, exhibit list, and proposed jury instructions due by | September 20, 2024 |
| Pretrial conference | September 23, 2024 |
| Government's supplemental proposed jury instructions due by | September 25, 2024 |
| Trial | September 30, 2024 |

This schedule would have allowed the Court sufficient time to hold an evidentiary hearing (if necessary) and issue a decision on Jefferson's motion prior to the due dates for jury instructions, exhibit lists, trial briefs, and proposed voir dire. Such advance timing is crucial given Jefferson's request for imposition of "remedial measures based on the destruction of exculpatory evidence," Dkt. No. 56 at 4; a belated decision on his motion could require the parties to amend their jury instructions, exhibit lists, trial briefs, and proposed voir dire, leaving little time to resolve related disputes before trial. The parties' proposed supplemental briefing schedule portends such disorder:

| | |
|---|---|
| Jefferson's initial supplemental briefing due | September 13, 2024 |
| The Government's trial brief, witness list, exhibit list, and proposed jury instructions due by | September 16, 2024 |
| **Government's supplemental briefing due** | **September 18, 2024** |
| Proposed voir dire | September 20, 2024 |
| Jefferson's trial brief, witness list, and proposed jury instructions due by | September 20, 2024 |
| **Jefferson's responsive supplemental briefing due** | **Friday, Sept. 20, 2024** |
| Pretrial conference | September 23, 2024 |
| Government's supplemental proposed jury instructions due by | September 25, 2024 |
| **Evidentiary hearing; Court's decision on motion to dismiss; amended trial briefs/ exhibit lists/ proposed jury instructions/ proposed voir dire; Court's determination re voir dire and disputed jury instructions** | **Monday, Sept. 23 – Fri. Sept. 27, 2024** |
| Trial | September 30, 2024 |

The parties' proposal does not address how the Court could possibly complete an evidentiary hearing;[1] decide the motion to dismiss; review amended trial briefs, exhibit lists, proposed jury instructions, and proposed voir dire;[2] resolve disputes over voir dire and jury instructions; and conduct any necessary follow-up hearings in the span of less than five days following the pretrial conference. At the latest, these tasks should be completed *by or before* the pretrial conference—without requiring the Court to work throughout the weekend to resolve a motion that only became ripe the Friday prior.

Given the interference the proposed supplemental briefing schedule will have on the remaining pretrial deadlines—and the impact those remaining deadlines will have on the Court's ability to give full and fair consideration to Jefferson's motion to dismiss—the Court finds the ends of justice served by continuing the trial for a three-week period, until October 21, 2024. Keeping the current trial date and pretrial deadlines as is in light of the parties' proposed briefing schedule is, in the absolute best case, highly inefficient, and in the worst case, simply unworkable. Even assuming the Court works through both weekends prior to trial, which the proposed schedule requires, it would not be left with sufficient time to give adequate consideration to Jefferson's motion and timely resolve of all outstanding pretrial matters.

For all the reasons described above, the ends of justice served by a three-week continuance outweigh the best interest of the public and Jefferson in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). A failure to continue trial under these circumstances would be likely to result in a miscarriage of

---

[1] If the Court finds that an evidentiary hearing is needed, it will need to immediately convene the parties and relevant witnesses for the hearing. The parties have not indicated that they and their respective witnesses are available for an evidentiary hearing between the completion of their supplemental briefing and trial.

[2] The topic of jury instructions will necessarily have to be revisited if the Court determines that, for example, a lost evidence instruction is appropriate based on the supplemental briefing and possible evidentiary hearing. The Court may also need to decide whether another remedial measure, such as the suppression of certain evidence, is warranted, which could in turn necessitate updating trial briefs, proposed voir dire, and exhibit and/or witness lists. Because Jefferson failed to identify any specific "remedial measures based on the destruction of exculpatory evidence," Dkt. No. 56 at 4, the Court is forced to assess scheduling needs based on a broad range of potential measures.

justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i) because the Court would have insufficient time to adequately consider Jefferson's motion and timely resolve all outstanding pretrial matters, including but not limited to a potential evidentiary hearing, prior to trial.

### III.  CONCLUSION

The Court thus ADOPTS the parties' proposed briefing schedule and CONTINUES the trial date and remaining pretrial deadlines as follows:

| Event | Date |
|---|---|
| **JURY TRIAL SET FOR 9:00 a.m. on** | October 21, 2024 |
| Length of trial | 5 days |
| Jefferson's initial supplemental briefing due by | September 13, 2024 |
| The Government's initial supplemental briefing due by | September 18, 2024 |
| Jefferson's responsive supplemental briefing due by | September 20, 2024 |
| Evidentiary hearing on Jefferson's motion to dismiss or for remedial measures (if needed) | Between Sept. 24 and Oct. 2, 2024 |
| The Government's trial brief, witness list, exhibit list, and proposed jury instructions due by | October 4, 2024 |
| Jefferson's trial brief, witness list, exhibit list, and proposed jury instructions due by | October 9, 2024 |
| Pretrial conference scheduled at 10:00 a.m. on | October 11, 2024 |
| Government's supplemental proposed jury instructions due by | October 16, 2024 |

Any deadline not specified above remains as provided under the applicable rules. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which Mr. Jefferson's trial must commence under the Speedy Trial Act.[3]

Dated this 12th day of September, 2024.

*Lauren King* (signature)
Lauren King
United States District Judge

---

[3] The Court notes that even if it did not exclude the time, an October 21, 2024 trial date is within the 70-day period provided under 18 U.S.C. § 3161(c)(1) (accounting for previously excluded time).

ORDER ADOPTING STIPULATED SCHEDULING ORDER AND CONTINUING TRIAL - 5