UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>   v.<br><br>JOSEPH MICHAEL QUINCY JEFFERSON,<br><br>                Defendant. | CASE NO. 2:23-cr-00109-LK<br><br>ORDER GRANTING IN PART MOTION TO CONTINUE TRIAL |

      This matter comes before the Court on Defendant Joseph Jefferson's counsel's Unopposed Motion to Continue Trial. Dkt. No. 100. Jefferson's trial is currently set for October 21, 2024, and his counsel seeks to continue trial to May 12, 2025. *Id.* at 1, 5. Jefferson opposes the motion, but does not object to a shorter continuance and has waived his speedy trial rights through January 27, 2025. Dkt. No. 112. All parties desired to "accelerate the jury trial ahead of the proposed May 12 date," Dkt. No. 100 at 1, so the Court held a hearing on October 10, 2024 to hear from Jefferson and explore alternative dates, Dkt. No. 113. For the reasons explained below, the Court grants the motion in part and continues Jefferson's trial to January 13, 2025.

ORDER GRANTING IN PART MOTION TO CONTINUE TRIAL - 1

## I.   DISCUSSION

Congress enacted the Speedy Trial Act "[t]o give effect to" the Sixth Amendment right to a speedy and public trial. *United States v. Olsen*, 21 F.4th 1036, 1040 (9th Cir. 2022) (per curiam). The statute "serves not only to protect defendants, but also to vindicate the public interest in the swift administration of justice." *Bloate v. United States*, 559 U.S. 196, 211 (2010). To advance these dual interests, the Speedy Trial Act generally requires a criminal defendant's trial to begin within 70 days of the date on which the indictment was filed or the date on which the defendant makes an initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). This timeline may be extended if the district court excludes certain periods of delay. *Id.* § 3161(h); *see Zedner v. United States*, 547 U.S. 489, 497 (2006) ("[T]he Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases. To provide the necessary flexibility, the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start."). As relevant here, delay is excludable when failure to grant a continuance would be likely to "result in a miscarriage of justice" or to "deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i), (iv). Jefferson's counsel aver that both of these circumstances exist in this case due to the unavailability of Jefferson's expert on the current trial date, and the unavailability of one of Jefferson's attorneys in the intervening time period before January 13, 2025. Dkt. No. 100 at 6–7.

At the October 10 hearing, the Court determined that a January 13, 2025 trial may be feasible; Jefferson's counsel and witnesses are available for trial on that date, but the Government noted that it still needed to confirm its witnesses' availability. The Court therefore deferred ruling on the motion to continue pending confirmation of all parties' availability. Dkt. No. 113. On October 16, 2024, the Government tentatively confirmed its availability and requested that trial be

ORDER GRANTING IN PART MOTION TO CONTINUE TRIAL - 2

set for January 13. Dkt. No. 114.

As noted above, Jefferson's counsel seek to continue trial due to the unavailability of the defense expert witness and one of his attorneys. Dkt. No. 100 at 5. Jefferson has filed a speedy trial waiver waiving his right to a speedy trial though January 27, 2025. Dkt. No. 112. The Court agrees that continuing the trial date to ensure the defense attorney's and expert's availability is appropriate here—Jefferson would suffer harm if the trial proceeded without these individuals. *See United States v. Kvashuk*, No. CR19-0143JLR, 2020 WL 569862, at *2 (W.D. Wash. Feb. 5, 2020) (citing *United States v. Zamora-Hernandez*, 222 F.3d 1046, 1049 (9th Cir. 2000)). The necessity of preserving Jefferson's ability to present his defense overrides any other countervailing factor, such as the inconvenience to the parties and the Court. *See Zamora-Hernandez*, 222 F.3d at 1049. The Court also agrees that the request for a continuance is not the result of a lack of diligence in preparing Jefferson's defense ahead of the trial. *See id.* Therefore, the Court finds that (1) taking into account the exercise of due diligence, a failure to grant a continuance would deny counsel for Jefferson the reasonable time necessary for effective preparation for trial, as set forth in 18 U.S.C. § 3161(h)(7)(B)(iv); (2) a failure to grant a continuance would likely result in a miscarriage of justice, as set forth in 18 U.S.C. § 3161(h)(7)(B)(i); and (3) the additional time requested is a reasonable period of delay, considering witness availability and the availability of Jefferson's lawyers. Thus, the ends of justice served by granting a continuance outweigh the best interest of the public and Jefferson in any speedier trial. 18 U.S.C. § 3161(h)(7)(A).

## II.   CONCLUSION

The Court GRANTS IN PART Jefferson's counsel's motion to continue trial, Dkt. No. 100, and ORDERS that Jefferson's trial date be continued to January 13, 2025. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which

Jefferson's trial must commence under the Speedy Trial Act. The pretrial conference will occur at 2:00 p.m. on January 3, 2025. In light of the continuance, the Court STRIKES all pretrial deadlines set by its September 12, 2024 Order. Dkt. No. 74 at 5. The parties should meet and confer on a schedule for remaining pretrial deadlines and file an agreed proposed schedule with the Court no later than October 25, 2024. The proposed schedule should account for the following:

- As noted during the hearing, the Court believes it would be equitable to accelerate Jefferson's deadline for expert witness disclosures given that the Government's expert witness disclosure deadline has already passed.

- The Government's trial brief, witness and exhibit lists, and proposed jury instructions (excluding its supplemental proposed jury instructions) should be due at least 18 days prior to trial (December 26). Jefferson's trial brief, witness and exhibit lists, and proposed jury instructions should be due at least 13 days before trial (December 31).

- The due date for any motions for leave to file additional pretrial motions must be no later than 45 days prior to the Government's deadline to file its trial brief, witness and exhibit lists, and proposed jury instructions.[1] Any motion for leave must demonstrate good cause under Federal Rule of Criminal Procedure 12(c)(3) and address why the underlying motion could not have been brought prior to the now-elapsed August 19, 2024 pretrial motion deadline. The parties should not presume that the Court will entertain arguments based on exhibits submitted as part of the supplemental briefing on Jefferson's motion to dismiss.

Dated this 17th day of October, 2024.

_Lauren King_
Lauren King
United States District Judge

---

[1] The proposed pretrial motion must be filed as an attachment to the motion for leave.