UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br>     v.<br><br>JOSEPH MICHAEL QUINCY JEFFERSON,<br><br>                       Defendant. | CASE NO. 2:23-cr-00109-LK<br><br>ORDER ON DEFERRED PORTIONS OF MOTIONS TO SEAL (DKT. NOS. 76, 83, 85) |

      Before the Court is Government's response memorandum, Dkt. No. 116, submitted pursuant to the Court's October 7, 2024 Order that deferred ruling on portions of the parties' motions to seal and directed the Government to submit supplemental briefing regarding the same, Dkt. No. 105 at 20–23. Of the exhibits the Court deferred ruling on, only two may remain under seal in their entirety for the reasons explained below: Jefferson's Exhibits 5 and 6 filed in support of his supplemental briefing. *See* Dkt. Nos. 78-1, 78-2. For most of the remainder of the deferred exhibits, redactions will suffice to protect sensitive information, as explained below.

## I. DISCUSSION

### A. Legal Standard

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). When a district court considers a sealing request, it starts with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal court filings bears the burden of overcoming this presumption by providing "sufficiently compelling reasons for doing so." *Id.* Because these motions to seal are in connection with a dispositive motion—Jefferson's motion to dismiss the indictment—the Court uses the "compelling reasons" test. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1095 (9th Cir. 2016).

### B. Jefferson's First Motion to Seal (Dkt. No. 76)

Jefferson moves to seal exhibits 1 through 6 (which are actually 24 separate exhibits), asserting in that his motion is "based on this Court's Discovery Protective Order and the need to protect the privacy of Jane Doe and sensitive law enforcement training materials." Dkt. No. 76 at 1.[1] The Court previously deferred ruling upon exhibits 1-2, 1-3, 1-5, 1-6, 1-11, 1-12, 1-14, 1-15, 1-18, 1-19, 4, 5, and 6, pending receipt of supplemental briefing from the Government on whether these exhibits should be sealed. Dkt. No. 105 at 21–22. In its supplemental brief, the Government indicated that exhibits 1-19 and 4 do not need to be filed under seal, and all other exhibits except exhibits 5 and 6 could be redacted. Dkt. No. 116 at 2–5. The Government contends that the latter

---

[1] The Protective Order deems as "Protected Material" documents "so designated by counsel for the United States that contain personal identifying information about individuals not parties to this litigation, where due to the size and/or nature of the underlying discovery material the government does not believe redaction can reasonably address the same confidentiality concerns." Dkt. No. 21 at 1.

two exhibits, Dkt. Nos. 78-1, 78-2, which are policy and training materials of the Lummi Nation Police Department and United States Indian Police Academy, respectively, should be sealed in their entirety. Dkt. No. 116 at 5. These materials are classified as law enforcement sensitive and are not publicly available; the Government contends that "public release of these materials could enable individuals to bypass legal protocols, thereby posing significant risks to officer safety and public security." *Id.*

As detailed in the chart below, the Court agrees that exhibits 1-19 and 4 can be unsealed, that exhibits 5 and 6 should be sealed,[2] and that redactions of personally identifiable information will suffice to protect sensitive information in the remainder of the exhibits. In the chart below, the Court adopts the Government's page number formatting to avoid confusion. The bracketed page numbers correspond to the red exhibit stamped numbers at the bottom right of each page. The non-bracketed page numbers correspond to the blue ECF page numbers at the top of each page.

| Ex. | Dkt. No. | Description | Order |
| --- | --- | --- | --- |
| 1-2 | 79 at 7–9 [6–8] | Officer Randy Cuellar's Report, dated April 8, 2023 | Redact address on pages 7 [6]; Doe's last name on page 8 [7]. |
| 1-3 | 79 at 10–30 [9–29] | Officer Thomas Granger's Criminal Citation, Probable Cause Statement, Witness Statement, Strangulation Questionnaire, Lethality Assessment Protocol, Search and Seizure Application for Search Warrant and Sworn Declaration, Return and Inventory, Evidence Seizure List, Search and Seizure Warrant, and Evidence Seizure List | Redact address on pages 10–11, 13 [9–10, 12], 20 [19], 22–24, 26, 28 [21–23, 25, 27]; Doe's last name, year of birth, and phone number on pages 13 [12] and 22 [21]; Doe's last name on pages 19 [18], 22 [21]; Jefferson's enrollment number on page 14 [13]; Jefferson's date of birth on pages 15 [14], 22 [21], 28 [29], and 30 [29]. |

---

[2] The Court is satisfied that the Government has demonstrated a compelling interest to keep these materials under seal. *See Wagafe v. Biden*, No. 17-CV-00094-LK, 2023 WL 5803613, at *8 (W.D. Wash. Sept. 7, 2023) (sealing law enforcement materials where the materials, if publicly disclosed, "might become a vehicle for improper purposes" (quotation marks omitted)), *clarified on reconsideration in part*, 2024 WL 2407988 (W.D. Wash. May 23, 2024); *Cancino Castellar v. Mayorkas*, No. 17-CV-00491-BAS-AHG, 2021 WL 3678440, at *2 (S.D. Cal. Aug. 19, 2021) (compelling need to keep law enforcement materials under seal where public disclosure would conduct hamper law enforcement's ability to conduct proactive operations). There are no less restrictive means of protecting this sensitive law enforcement information from public disclosure.

| Ex. | Dkt. No. | Description | Order |
|---|---|---|---|
| 1-5 | 79 at 39–41 [38–40] | Officer Randy Cuellar's Report | Redact address on page 39 [38]; Doe's full name on page 40 [39]. |
| 1-6 | 79 at 42–44 [41–43] | Officer Thomas Granger's Report | Redact address on page 42 [41]; Doe's full name on page 43 [42]. |
| 1-11 | 79 at 260–61 [259–60] | Federal Bureau of Investigation case opening report. | Redact Doe's last name on pages 260–61 [259–60]; Doe's year of birth and last digits of social security number on page 260 [259]; Jefferson's address, date of birth, tribal enrollment number, and last digits of social security number on page 260 [259]; FBI case / classification number on pages 260–61 [259–60]. |
| 1-12 | 79 at 262–69 [261–68] | Lummi Nation Tribal Court criminal complaint. | Redact Doe's last name throughout; block of address on pages 262–69 [261–68]; birth date on page 270 [269]. |
| 1-14 | 79 at 272–79 [271–78] | Lummi Tribal Court Orders and Referrals to Remove No Contact Order | Redact Doe's full name and signature throughout; Doe's year of birth on pages 272, 278 [271, 277]; Doe's phone number and "reason I want this change" explanation on pages 275, 279 [274, 278]. |
| 1-15 | 79 at 280–87 [279–86] | United States District Court for the Western District of Washington Complaint of Violation, Affidavit, and Arrest Warrant | Redact Jefferson's date of birth on page 287 [286]. |
| 1-18 | 79 at 304–08 [303–07] | Signed Expert Witness Disclosure for Micheline Lubin MD. | Redact Doe's first and last name on pages 307–08 [306–07]. |
| 1-19 | 79 at 309 [308] | E-mail, dated August 15, 2024, from Micheline Lubin MD to AUSA Tate London. | Jefferson to file an unsealed substitute exhibit. |
| 4 | 78 | Training Materials from 2-Day Virtual Strangulation Prevention Training attended by Officer Granger on April 4-5, 2023. | Clerk to unseal. |
| 5 | 78-1 | Lummi Nation Police Department Policy Manual, Policies 310, 322, 403, 600, and 604. | May remain under seal. |
| 6 | 78-2 | United States Indian Police Academy Office of Justice Services Training Academy Materials on Evidence Collection | May remain under seal. |

ORDER ON DEFERRED PORTIONS OF MOTIONS TO SEAL (DKT. NOS. 76, 83, 85) - 4

| Ex. | Dkt. No. | Description | Order |
|---|---|---|---|
|  |  | and Preservation, Fundamentals of Law Enforcement Photography, Indian Country Victim Services, and Communications and Interviewing. |  |

Because Jefferson's motion is based on the Protective Order, which tasks the Government with designating content to be redacted, the Government shall prepare redactions as noted in the chart and submit those redacted exhibits to Jefferson for review and filing by November 15, 2024.

**C.     Jefferson's Second Motion to Seal (Dkt. No. 85)**

Jefferson also moves to seal the exhibits filed in support of his reply brief. Dkt. No. 85; Dkt. Nos. 87, 87-1, and 87-2 (sealed exhibits). Jefferson asserts that "[t]his motion is based on the Discovery Protective Order (dkt. 21) and the protected material contained in the exhibits." Dkt. No. 85 at 1. The Court deferred ruling on this motion pending the Government's supplemental briefing. Dkt. No. 105 at 22.

The Government asserts that these three exhibits need not be kept under seal. Dkt. No. 116 at 5. The Court agrees with the Government that there is no compelling need to keep these materials under seal; the exhibits are still shots from Officer Granger's body worn camera that do not reveal any sensitive information. The Court will therefore direct the Clerk to unseal these exhibits.

**D.     The Government's Motion to Seal (Dkt. No. 83)**

Finally, the Government moves to seal the exhibits filed in support of its supplemental briefing. Dkt. No. 83; Dkt. No. 84 (sealed exhibits). The Court ordered supplemental briefing on two of the four exhibits: Exhibits 3 and 4. Dkt. No. 105 at 23. Exhibit 3 is a photograph of Jefferson and Exhibit 4 comprises various emails and police records related to this case. Dkt. No. 84 at 72, 74–102. The Government now withdraws its request that Exhibit 3 be filed under seal, and seeks leave to file a substitute Exhibit 4 on the public docket with Doe's name redacted throughout. Dkt.

No. 116 at 5–6. The Court grants the request; however, additional redactions are warranted in Exhibit 4. No later than November 15, 2024, the Government must file substitute versions of Exhibits 3 and 4 on the public docket with the following redactions to Exhibit 4: Doe's first and last name throughout; Doe's address, Dkt. No. 84 at 76, 82–83, 85, 92, 94–96, 98, 100; Doe's year of birth, *id.* at 85, 94; the last four digits of Doe's phone number, *id.* at 85, 91; Jefferson's date of birth, *id.* at 86, 94; and Jefferson's enrollment number, *id.* at 86.

## II.    CONCLUSION

In sum, the Court orders as follows:

| Dkt. No. | Order |
|---|---|
| 79 at 7–9 [6–8] | Jefferson to file unsealed exhibit that redacts Doe's address on pages 7 [6]; and Doe's last name on page 8 [7]. |
| 79 at 10–30 [9–29] | Jefferson to file unsealed exhibit that redacts Doe's address on pages 10–11, 13 [9–10, 12], 20 [19], 22–24, 26, 28 [21–23, 25, 27]; Doe's last name, year of birth, and phone number on pages 13 [12] and 22 [21]; Doe's last name on pages 19 [18], 22 [21]; Jefferson's enrollment number on page 14 [13]; and Jefferson's date of birth on pages 15 [14], 22 [21], 28 [29], and 30 [29]. |
| 79 at 39–41 [38–40] | Jefferson to file unsealed exhibit that redacts Doe's address on page 39 [38]; and Doe's full name on page 40 [39]. |
| 79 at 42–44 [41–43] | Jefferson to file unsealed exhibit that redacts Doe's address on page 42 [41]; and Doe's full name on page 43 [42]. |
| 79 at 260–61 [259–60] | Jefferson to file unsealed exhibit that redacts Doe's last name on pages 260–61 [259–60]; Doe's year of birth and last digits of social security number on page 260 [259]; Jefferson's address, date of birth, tribal enrollment number, and last digits of social security number on page 260 [259]; and FBI case / classification number on pages 260–61 [259–60]. |
| 79 at 262–69 [261–68] | Jefferson to file unsealed exhibit that redacts Doe's last name throughout; block of address on pages 262–69 [261–68]; birth date on page 270 [269]. |
| 79 at 272–79 [271–78] | Jefferson to file unsealed exhibit that redacts Doe's full name and signature throughout; Doe's year of birth on pages 272, 278 [271, 277]; and Doe's phone number and "reason I want this change" explanation on pages 275, 279 [274, 278]. |
| 79 at 280–87 [279–86] | Jefferson to file unsealed exhibit that redacts Jefferson's date of birth on page 287 [286]. |
| 79 at 304–08 [303–07] | Jefferson to file unsealed exhibit that redacts Doe's first and last name on pages 307–08 [306–07]. |

| Dkt. No. | Order |
|---|---|
| 79 at 309 [308] | Jefferson to file a substitute exhibit on the public docket. |
| 78 | Clerk shall unseal. |
| 78-1 | May remain under seal. |
| 78-2 | May remain under seal. |
| Dkt. No. 87 | Clerk shall unseal. |
| Dkt. No. 87-1 | Clerk shall unseal. |
| Dkt. No. 87-2 | Clerk shall unseal. |
| Dkt. No. 84 at 72 | Government to file a substitute exhibit on the public docket. |
| Dkt. No. 84 at 74–102 | Government to file unsealed exhibit that redacts Doe's address, *id.* at 76, 82–83, 85, 92, 94–96, 98, 100; Doe's year of birth, *id.* at 85, 94; the last four digits of Doe's phone number, *id.* at 85, 91; Jefferson's date of birth, *id.* at 86, 94; and Jefferson's enrollment number, *id.* at 86. |

Dated this 13th day of November, 2024.

*Lauren King*

Lauren King
United States District Judge