UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br>     v.<br><br>JOSEPH MICHAEL QUINCY JEFFERSON,<br><br>                       Defendant. | CASE NO. 2:23-cr-00109-LK<br><br>ORDER GRANTING IN PART AND DENYING IN PART JEFFERSON'S MOTION FOR LEAVE TO FILE MOTION TO DISMISS AND GRANTING MOTION TO FILE OVERLENGTH MOTION |

This matter comes before the Court on Jefferson's Motions for Leave to File Motion to Dismiss the Indictment, Dkt. No. 130, and to File an Overlength Motion, Dkt. No 127. For the reasons explained below, the former motion is granted in part and denied in part, and the latter motion is granted.

**I.   BACKGROUND**

The Government plans to try Jefferson before a jury for one count of Assault by Strangulation in violation of 18 U.S.C. §§ 113(a)(8) and 1153(a). Dkt. No. 13. Trial is scheduled to begin on January 13, 2025. Dkt. No. 115.

1    The pretrial motions deadline was August 19, 2024. Dkt. No. 53. On that date, Jefferson filed motions in limine, a motion to dismiss the indictment on due process grounds, and a motion to dismiss or cure the duplicitous indictment. Dkt. Nos. 55–57. On September 3, 2024, the Court granted in part and denied in part Jefferson's motions in limine. Dkt. No. 64. On September 9, 2024, the Court denied in part and deferred in part Jefferson's motion to dismiss the indictment on due process grounds and denied as moot his motion to dismiss or cure the duplicitous indictment. Dkt. No. 70. And on October 7, 2024, after receiving supplemental briefing on the motion to dismiss the indictment on due process grounds, the Court denied the portions of the motion upon which it had deferred ruling. Dkt. No. 105.

Because the parties' proposed supplemental briefing schedule left the Court with insufficient time to complete the remaining pretrial tasks (including a potential evidentiary hearing), on September 12, 2024 the Court *sua sponte* continued trial to October 21, 2024. Dkt. No. 74. The Court did not permit any new pretrial motions in that order. *Id.* at 5. Jefferson then filed a motion to continue trial. Dkt. No. 100. At the hearing on that motion, the parties indicated that there may be a need to file additional pretrial motions. Dkt. No. 104. The Court cautioned that because the pretrial motions deadline had passed, the parties would need leave of court to file any belated pretrial motions.

On October 17, 2024, the Court continued trial to January 13, 2025. Dkt. No. 115. It instructed the parties that any motion for leave to file additional pretrial motions must "demonstrate good cause under Federal Rule of Criminal Procedure 12(c)(3) and address why the underlying motion could not have been brought prior to the now-elapsed August 19, 2024 pretrial motion deadline." *Id.* at 4. The Court warned that "[t]he parties should not presume that the Court will entertain arguments based on exhibits submitted as part of the supplemental briefing on Jefferson's motion to dismiss." *Id.*

On November 11, 2024, Jefferson filed a motion for leave and attached his proposed pretrial motion—a second motion to dismiss the indictment on due process grounds. Dkt. Nos. 130, 130-5. He also moved for permission to exceed Local Criminal Rule 12(b)(5)'s word limit for the motion to dismiss by approximately 1,600 words. Dkt. No. 127; *see* LCrR 12(b)(5) (standard word limit is 4,200 words); Dkt. No. 130-5 at 19 (Jefferson's proposed motion contains 5,843 words).

## II.   DISCUSSION

**A.    Jefferson's Motion for Leave is Granted in Part and Denied in Part**

"Rule 12 of the Federal Rules of Criminal Procedure requires that a party show 'good cause' when making an untimely pre-trial motion." *United States v. Simmons*, No. 22-30134, 2023 WL 8016707, at *1 (9th Cir. Nov. 20, 2023) (quoting Fed. R. Crim. P. 12(c)(3)); *see also* Fed. R. Crim. P. 12(c)(3), Advisory Committee Note to 2014 Amendment; LCrR 12(c)(1) ("No [pretrial] motion may be filed subsequent to [the deadline for such motions] except upon leave of court for good cause shown."). The determination of whether good cause exists "lies in the discretion of the district court." *United States v. Anderson*, 472 F.3d 662, 669 (9th Cir. 2006) (quoting *United States v. Tekle*, 329 F.3d 1108, 1113 (9th Cir. 2003)). Generally, "to obtain relief from waiver under Rule 12(e),[1] a party must present a legitimate explanation for his failure to raise the issue in a timely manner." *Anderson*, 472 F.3d at 670 (citing *United States v. Davis*, 663 F.2d 824, 831 (9th Cir. 1981)). Courts have found that good cause exists when a party could not have timely submitted the motion because of a late production of discovery materials, *United States v. Love*, No. 22-CR-75-1-JPS, 2023 WL 4702328, at *5–6 (E.D. Wis. July 24, 2023); an intervening change in the law, *United States v. Mulder*, 889 F.2d 239, 240 (9th Cir. 1989); or recently discovered evidence that

---

[1] The 2014 amendments to Rule 12 moved the rule governing failure to timely raise pretrial motions from subsection (e) to (c)(3). Fed. R. Crim. P. 12 Advisory Committee Notes to the 2014 Amendment.

ORDER GRANTING IN PART AND DENYING IN PART JEFFERSON'S MOTION FOR LEAVE TO FILE MOTION TO DISMISS AND GRANTING MOTION TO FILE OVERLENGTH MOTION - 3

was not readily available, *United States v. Allen*, 583 F. App'x 808, 809 (9th Cir. 2014). Conversely, an "inexcusably dilatory" motion does not establish good cause. *United States v. Wood*, 550 F.2d 435, 439 (9th Cir. 1976).

Here, however, Jefferson already filed a timely motion to dismiss on due process grounds, and the Court already ruled on it. Dkt. Nos. 56, 70, 105; *see also* Dkt. No. 130 at 3. Jefferson's instant proposed motion is therefore not one that "could not have been brought prior to the now-elapsed August 19 deadline for pretrial motions." Dkt. No. 115 at 4. Notably, in ruling on Jefferson's motion to dismiss, the Court considered then-newly-produced evidence that Jefferson submitted (contrary to Court orders) in the prior round of briefing. *See generally* Dkt. No. 105.

Because the Court already decided Jefferson's motion to dismiss, his proposed second motion to dismiss is really one for reconsideration. "Motions for reconsideration are disfavored," and the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCrR 12(b)(13)(A). A movant who seeks reconsideration "shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCrR 12(b)(13)(B).

Because Jefferson does not style his proposed motion appropriately as one for reconsideration, he does not follow Rule 12(b)(13)'s directive to "point out with specificity the matters" the Court may have "overlooked or misapprehended," or "any new matters being brought to the court's attention for the first time[.]" LCrR 12(b)(13)(B). Jefferson's motion as currently styled thus "amounts to a plea for a do-over, both of its own earlier briefing and of the Court's decision making." *Valero Energy Corp. v. United States*, No. 06 C 6730, 2008 WL 4104367, at *2

(N.D. Ill. Aug. 26, 2008). "That is not how litigation works. A party must bring out its artillery before the Court rules; it cannot hold back and expect a second chance after an adverse ruling." *Id.*

The Court nonetheless recognizes that certain discovery was produced late in the process. *See* Dkt. No. 130-2. In addition, the Government did not oppose Jefferson's motion for leave, which the Court construes as an admission that its opposition is without merit. LCrR 12(b)(4). Therefore, although the Court will not accept Jefferson's motion as currently styled, Jefferson may file a motion for reconsideration that complies with Rule 12(b)(13). Due to the scheduling constraints caused by the timing of the parties' motions for leave, Jefferson's motion for reconsideration must be filed by November 27.[2]

## B.   Jefferson's Motion to File an Overlength Motion is Granted

Jefferson also requests permission "to file a Motion to Dismiss the Indictment that exceeds 4,200 words," Dkt. No. 127 at 1, which the Government has not opposed. Jefferson's counsel contends that "[t]his case is complex because the factual background includes not only the events surrounding an alleged Assault by Strangulation, but also law enforcement's background, including basic and more specific training." *Id.* Counsel further avers that these "facts and issues cannot be adequately briefed within the standard 4,200 word limit of Local Criminal Rule 12(b)(5)" and additional length "is necessary to ensure that Mr. Jefferson receives effective assistance of counsel." *Id.* Jefferson's proposed motion to dismiss the indictment contains 5,843 words. Dkt. No. 130-5 at 19.

---

[2] The parties' motions for leave were noted for today, November 25, 2024. Because the Government's trial brief, witness list, exhibit list, and proposed jury instructions are due on December 26, 2024, the Court will endeavor to issue its orders on any pretrial motions by Friday, December 20, 2024. Jefferson's proposed motion seeks an evidentiary hearing, which will not occur until the Court has reviewed the parties' briefing on the motion. Due to the upcoming court closures on November 28 and 29, any motion filed after November 27 would leave the Court with insufficient time to review the briefing, determine if an evidentiary hearing is necessary, hold such a hearing, and decide the motions by December 20.

ORDER GRANTING IN PART AND DENYING IN PART JEFFERSON'S MOTION FOR LEAVE TO FILE MOTION TO DISMISS AND GRANTING MOTION TO FILE OVERLENGTH MOTION - 5

To the extent Jefferson needs up to the same amount of words in his motion for reconsideration, the Court will permit it. The Government will be allowed an equal number of words (5,843 words) for its response in opposition to Jefferson's motion for reconsideration, and Jefferson's reply brief shall not exceed one-half the total length of the Government's response brief.

## III.  CONCLUSION

For the reasons explained above, the Court GRANTS IN PART and DENIES IN PART Jefferson's Motion for Leave to File Motion to Dismiss the Indictment, Dkt. No. 130, and GRANTS his Motion to File an Overlength Motion, Dkt. No. 127. Jefferson is ORDERED to file his motion for reconsideration by November 27, 2024. The motion for reconsideration must show either "manifest error in the prior ruling or . . . new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence," and must "point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling."  LCrR 12(b)(13)(A)–(B). The Court does not consider any exhibits produced prior to September 9, 2024 as new facts that could not have been brought to its attention earlier with reasonable diligence.

Dated this 25th day of November, 2024.

*Lauren King*
Lauren King
United States District Judge