UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>         v.<br><br>JOSEPH MICHAEL QUINCY JEFFERSON,<br><br>                    Defendant. | CASE NO. 2:23-cr-00109-LK<br><br>ORDER GRANTING GOVERNMENT'S MOTION FOR LEAVE TO FILE PRETRIAL MOTIONS |

This matter comes before the Court on the Government's Motion for Leave to File Pretrial Motions. Dkt. No. 125. For the reasons explained below, the Court grants the motion.

**I.  BACKGROUND**

The Government plans to try Jefferson before a jury for one count of Assault by Strangulation in violation of 18 U.S.C. §§ 113(a)(8) and 1153(a). Dkt. No. 13. Trial is scheduled to begin on January 13, 2025. Dkt. No. 115.

The pretrial motions deadline was August 19, 2024. Dkt. No. 53. The Government did not file any pretrial motions by that date. Jefferson filed motions in limine, a motion to dismiss the

indictment on due process grounds, and a motion to dismiss or cure the duplicitous indictment. Dkt. Nos. 55–57. On September 3, 2024, the Court granted in part and denied in part Jefferson's motions in limine. Dkt. No. 64. On September 9, 2024, the Court denied in part and deferred in part Jefferson's motion to dismiss the indictment on due process grounds and denied as moot his motion to dismiss or cure the duplicitous indictment. Dkt. No. 70. And on October 7, 2024, after receiving supplemental briefing on the motion to dismiss the indictment on due process grounds, the Court denied the portions of the motion upon which it had deferred ruling. Dkt. No. 105.

Because the parties' proposed supplemental briefing schedule left the Court with insufficient time to complete the remaining pretrial tasks (including a potential evidentiary hearing), on September 12, 2024 the Court *sua sponte* continued trial to October 21, 2024. Dkt. No. 74. The Court did not permit any new pretrial motions in that order. *Id.* at 5. Jefferson then filed a motion to continue trial. Dkt. No. 100. At the hearing on that motion, the parties indicated that there may be a need to file additional pretrial motions. Dkt. No. 104. The Court cautioned that because the pretrial motions deadline had passed, the parties would need leave of court to file any belated pretrial motions.

On October 17, 2024, the Court continued trial to January 13, 2025. Dkt. No. 115. It instructed the parties that any motion for leave to file additional pretrial motions must "demonstrate good cause under Federal Rule of Criminal Procedure 12(c)(3) and address why the underlying motion could not have been brought prior to the now-elapsed August 19, 2024 pretrial motion deadline." *Id.* at 4.

On November 11, 2024, the Government moved for leave to file two proposed pretrial motions: a motion to quash and a motion to admit evidence. Dkt. Nos. 125, 128 (proposed motion to quash), 134 (proposed motion to admit evidence). Jefferson did not oppose the motion for leave, which the Court construes as an admission that his opposition is without merit. *See* LCrR 12(b)(4).

## II. DISCUSSION

### A. Legal Standard

"Rule 12 of the Federal Rules of Criminal Procedure requires that a party show 'good cause' when making an untimely pre-trial motion." *United States v. Simmons*, No. 22-30134, 2023 WL 8016707, at *1 (9th Cir. Nov. 20, 2023) (quoting Fed. R. Crim. P. 12(c)(3)); *see also* Fed. R. Crim. P. 12 Advisory Committee Note to the 2014 Amendment; LCrR 12(c)(1) ("No [pretrial] motion may be filed subsequent to [the deadline for such motions] except upon leave of court for good cause shown."). The determination of whether good cause exists "lies in the discretion of the district court." *United States v. Anderson*, 472 F.3d 662, 669 (9th Cir. 2006) (quoting *United States v. Tekle*, 329 F.3d 1108, 1113 (9th Cir. 2003)). Generally, "to obtain relief from waiver under Rule 12(e),[1] a party must present a legitimate explanation for his failure to raise the issue in a timely manner." *Anderson*, 472 F.3d at 670 (citing *United States v. Davis*, 663 F.2d 824, 831 (9th Cir. 1981)). Courts have found that good cause exists when a party could not have timely submitted the motion because of a late production of discovery materials, *United States v. Love*, No. 22-CR-75-1-JPS, 2023 WL 4702328, at *5–6 (E.D. Wis. July 24, 2023); an intervening change in the law, *United States v. Mulder*, 889 F.2d 239, 240 (9th Cir. 1989); or recently discovered evidence that was not readily available, *United States v. Allen*, 583 F. App'x 808, 809 (9th Cir. 2014). Conversely, an "inexcusably dilatory" motion does not establish good cause. *United States v. Wood*, 550 F.2d 435, 439 (9th Cir. 1976).

### B. The Government's Motion for Leave is Deficient

As noted above, the Government seeks leave to file two proposed pretrial motions: a motion to quash Jefferson's subpoena to the Government's Victim Witness Coordinator (Tracy

---

[1] The 2014 amendments to Rule 12 moved the rule governing failure to timely raise pretrial motions from subsection (e) to (c)(3). Fed. R. Crim. P. 12 Advisory Committee Notes to the 2014 Amendment.

1  Orcutt) and a motion to admit evidence of Jefferson's ongoing contact with Jane Doe. Dkt. Nos.
2  125, 128 (proposed motion to quash), 134 (proposed motion to admit evidence).

3       The Government's motion for leave is extremely sparse. It does not mention Rule
4  12(c)(3)'s good cause standard at all (let alone analyze it), nor does it mention the analogous
5  standard in Local Criminal Rule 12(c)(1). *See generally* Dkt. No. 125. Worse still, the motion fails
6  to include or support with citations the basic facts needed to determine why the Government did
7  not file these proposed pretrial motions sooner. For example, the Government fails to support its
8  assertion about when it first learned of the subpoena to Ms. Orcutt (for the motion to quash) and
9  does not indicate when it first learned of Jefferson's contacts with Doe (for the motion to admit
10 evidence).[2] In fact, the motion does not even so much as identify what the proposed pretrial
11 motions are.

12      The Court's October 17 order was clear: any motion for leave to file additional pretrial
13 motions "<u>must</u> demonstrate good cause under Federal Rule of Criminal Procedure 12(c)(3) and
14 address why the underlying motion could not have been brought prior to the now-elapsed August
15 19, 2024 pretrial motion deadline." Dkt. No. 115 at 4 (emphasis added). The Government's motion
16 for leave does neither of those things.[3] The Court has repeatedly stressed the importance of
17 complying with Court orders and the Local Criminal Rules, and warns the Government that future
18 failures may result in sanctions and/or summary denial of its motions.

---

[2] The Government's failure to support its factual averments with citations to the relevant parts of the record also violates Local Criminal Rule 12(e)(6). *See* Dkt. No. 125 at 1–2 (asserting without citation to the record that "the government became aware of . . . Jefferson's ongoing contact with the victim" and that "[o]n October 31, 2024, Jefferson served the United States with a subpoena duces tecum to Tracy Orcutt, the United States' Attorney's Office Victim Witness Coordinator.").

[3] The Government also failed to follow the Court's instruction to submit its proposed pretrial motions as attachments to the motion for leave. Dkt. No. 115 at 4 n.1.

ORDER GRANTING GOVERNMENT'S MOTION FOR LEAVE TO FILE PRETRIAL MOTIONS - 4

**C.  The Court Nonetheless Finds Good Cause to Grant Leave to File Pretrial Motions**

Although the Government's motion for leave is deficient, the Court finds good cause to grant leave to file both proposed pretrial motions based on record evidence. However, the Court emphasizes (as it has previously) that it should not have to scour the record to find support for the Government's motion. Dkt. No. 105 at 4 (warning that "Judges are not like pigs, hunting for truffles buried in the record" and "litigants, rather than courts, must ferret out and articulate the record evidence considered material to each legal theory advanced" (cleaned up)).

1. <u>Motion to Quash</u>

The Court turns first to the proposed motion to quash the subpoena to Ms. Orcutt. Dkt. No. 128. The record indicates that the Government did not receive the subpoena until October 31, 2024 (over two months after the August 19, 2024 pretrial motions deadline) and was not reasonably on notice of the possibility of a subpoena to Ms. Orcutt until October 22, 2024 at the earliest:

- <u>August 29, 2024</u>: Jefferson requests the following discovery related to Ms. Orcutt: any complaints lodged against her, and her credentials, licensing status, job description, and ethical obligations. Dkt. No. 129-2 at 2.

- <u>September 12, 2024</u>: The Government informs Jefferson that Ms. Orcutt is not going to be on its witness list and asks Jefferson to expound on why he believes her testimony and background materials are discoverable and material to Jefferson's case. Dkt. No. 129-3 at 2.

- <u>October 22, 2024</u>: The parties exchange positions regarding Jefferson's attempt to obtain discovery regarding Ms. Orcutt. Dkt. No. 129-4 at 2. Jefferson notes that he would "prefer to know these answers through the discovery process instead of trying to go a different route to get the same information." *Id.*

- <u>October 31, 2024</u>: A defense investigator emails the subpoena to Ms. Orcutt, copying the Government. Dkt. No. 129-5 at 2. The subpoena seeks any complaints that have been filed against Ms. Orcutt, along with her job description, credentials, licensing status, CV, and communications with and related to Doe. *See id.* at 3.

The Government's receipt of the subpoena less than one month before it filed its motion for leave constitutes a legitimate explanation for its failure to raise the issue earlier. And again,

1  Jefferson has not opposed the motion. The Court therefore finds good cause to permit the
2  Government to file its proposed motion to quash.

3        2.  <u>Motion to Admit Evidence</u>

4  The Government's second proposed pretrial motion is to admit evidence of Jefferson's
5  ongoing contact with Doe under Federal Rules of Evidence 401 and 403. Dkt. No. 134. Again, the
6  Court is left to look to other motions and exhibits in the record to discern whether good cause
7  exists here. In the Government's motion to revoke Jefferson's bond, it stated that it first learned of
8  Jefferson's contacts with Doe "[i]n late September 2024." Dkt. No. 90 at 6. Specifically, a detective
9  from the Lummi Nation Police Department saw them together at the Regal Barkley Village movie
10 theatre on September 21 and informed the Government that same day. Dkt. No. 93 at 7. By
11 September 27, the Government had discerned that Jefferson and Doe had attended 57 movies
12 together. *Id.* at 23. Jefferson admitted to that conduct at his bond revocation hearing before Judge
13 Peterson on October 22, 2024. Dkt. No. 123-1 at 8 (hearing transcript).

14 The Government's motion to admit the evidence is based in part on Jefferson's October
15 22, 2024 admission to the contacts with Doe. Dkt. No. 134 at 1. The Court finds that the
16 Government acted diligently in filing its motion for leave less than one month after this admission
17 was made, and that the developments occurring in late September and October constitute a
18 legitimate reason for the Government's failure to raise the issue sooner. Again, Jefferson has not
19 opposed the motion. The Court therefore finds good cause to allow the Government to file its
20 proposed motion to admit evidence.

21       **III.  CONCLUSION**

22 For the reasons explained above, the Court GRANTS the Government's Motion for Leave
23 to File Pretrial Motions. Dkt. No. 125. The Government is ORDERED to re-file its proposed
24

pretrial motions at docket numbers 128 and 134 by no later than November 27, 2024, and to note the motions for December 9, 2024.

Dated this 26th day of November, 2024.

Lauren King
United States District Judge

ORDER GRANTING GOVERNMENT'S MOTION FOR LEAVE TO FILE PRETRIAL MOTIONS - 7