UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>JOSEPH MICHAEL QUINCY JEFFERSON,<br><br>　　　　　　　　Defendant. | CASE NO. 2:23-cr-00109-LK<br><br>ORDER GRANTING THE GOVERNMENT'S MOTION FOR LEAVE TO FILE PRETRIAL MOTIONS |

This matter comes before the Court on the Government's Motion for Leave to File its Motion to Exclude Hearsay. Dkt. No. 174. For the reasons explained below, the Court grants the motion.

## I. BACKGROUND

The Government plans to try Jefferson before a jury for one count of Assault by Strangulation in violation of 18 U.S.C. §§ 113(a)(8) and 1153(a). Dkt. No. 13. Trial is scheduled to begin on January 13, 2025. Dkt. No. 115.

The pretrial motions deadline was August 19, 2024. Dkt. No. 53. The Government did not

1  file any pretrial motions by that date. Jefferson filed motions in limine, a motion to dismiss the
2  indictment on due process grounds, and a motion to dismiss or cure the duplicitous indictment.
3  Dkt. Nos. 55–57. On September 3, 2024, the Court granted in part and denied in part Jefferson's
4  motions in limine. Dkt. No. 64. On September 9, 2024, the Court denied in part and deferred in
5  part Jefferson's motion to dismiss the indictment on due process grounds and denied as moot his
6  motion to dismiss or cure the duplicitous indictment. Dkt. No. 70. And on October 7, 2024, after
7  receiving supplemental briefing on the motion to dismiss the indictment on due process grounds,
8  the Court denied the portions of the motion upon which it had deferred ruling. Dkt. No. 105.

9  Because the parties' proposed supplemental briefing schedule left the Court with
10 insufficient time to complete the remaining pretrial tasks (including a potential evidentiary
11 hearing), on September 12, 2024 the Court *sua sponte* continued trial to October 21, 2024. Dkt.
12 No. 74. The Court did not permit any new pretrial motions in that order. *Id.* at 5. Jefferson then
13 filed a motion to continue trial. Dkt. No. 100. At the hearing on that motion, the parties indicated
14 that there may be a need to file additional pretrial motions. Dkt. No. 104. The Court cautioned that
15 because the pretrial motions deadline had passed, the parties would need leave of court to file any
16 belated pretrial motions.

17 On October 17, 2024, the Court continued trial to January 13, 2025. Dkt. No. 115. It
18 instructed the parties that any motion for leave to file additional pretrial motions must
19 "demonstrate good cause under Federal Rule of Criminal Procedure 12(c)(3) and address why the
20 underlying motion could not have been brought prior to the now-elapsed August 19, 2024 pretrial
21 motion deadline." *Id.* at 4.

22 On December 24, 2024, the Government filed this motion for leave to file a motion to
23 exclude hearsay. Dkt. No. 174. Jefferson opposes the motion for leave. Dkt. No. 185.

24

## II. DISCUSSION

### A. Legal Standard

"Rule 12 of the Federal Rules of Criminal Procedure requires that a party show 'good cause' when making an untimely pre-trial motion." *United States v. Simmons*, No. 22-30134, 2023 WL 8016707, at *1 (9th Cir. Nov. 20, 2023) (quoting Fed. R. Crim. P. 12(c)(3)); *see also* Fed. R. Crim. P. 12 Advisory Committee Note to the 2014 Amendment; LCrR 12(c)(1) ("No [pretrial] motion may be filed subsequent to [the deadline for such motions] except upon leave of court for good cause shown."). The determination of whether good cause exists "lies in the discretion of the district court." *United States v. Anderson*, 472 F.3d 662, 669 (9th Cir. 2006) (quoting *United States v. Tekle*, 329 F.3d 1108, 1113 (9th Cir. 2003)). Generally, "to obtain relief from waiver under Rule 12(e),[1] a party must present a legitimate explanation for his failure to raise the issue in a timely manner." *Anderson*, 472 F.3d at 670 (citing *United States v. Davis*, 663 F.2d 824, 831 (9th Cir. 1981)). Courts have found that good cause exists when a party could not have timely submitted the motion because of a late production of discovery materials, *United States v. Love*, No. 22-CR-75-1-JPS, 2023 WL 4702328, at *5–6 (E.D. Wis. July 24, 2023); an intervening change in the law, *United States v. Mulder*, 889 F.2d 239, 240 (9th Cir. 1989); or recently discovered evidence that was not readily available, *United States v. Allen*, 583 F. App'x 808, 809 (9th Cir. 2014). Conversely, an "inexcusably dilatory" motion does not establish good cause. *United States v. Wood*, 550 F.2d 435, 439 (9th Cir. 1976).

### B. The Government's Motion for Leave is Granted

The Government seeks leave to move to exclude Jefferson's prospective "self-serving hearsay statements during his opening statement, through the cross-examination of government

---

[1] The 2014 amendments to Rule 12 moved the rule governing failure to timely raise pretrial motions from subsection (e) to (c)(3). Fed. R. Crim. P. 12 Advisory Committee Notes to the 2014 Amendment.

ORDER GRANTING THE GOVERNMENT'S MOTION FOR LEAVE TO FILE PRETRIAL MOTIONS - 3

witnesses, including Officer Granger, and during the direct examination of his expert, Mr. Russ Hicks." Dkt. No. 174-2 at 2. The statements the Government seeks to exclude are those Jefferson made after his arrest and during transport for booking, which were captured by Officer Granger's body camera. This includes the following statement by Jefferson: "So what are you going to say, that I can't defend myself 'cause I got a knife pulled on me? [Unintelligible] I asked her to just stab me, go ahead. Doesn't matter, got your arrest." Dkt. No. 152-2 at 8:15–8:50. The underlying body camera footage was produced to Jefferson in August 2024. Dkt. No. 162 at 3.

The Government contends that it was not on notice that "the defense intends to elicit and introduce Jefferson's self-serving out-of-court hearsay statements" at trial until a December 13, 2024 meet and confer regarding the scope of testimony that the defense intends to elicit from its expert, Russ Hicks. Dkt. No. 174 at 1–2; *see also* Dkt. No. 157 (deadline for Jefferson to disclose expert reports extended to December 4, 2024). During that meet and confer, the Government also asked "whether the defense intended to elicit Jefferson's hearsay statements through any other witnesses" to which the defense responded that "they also plan to elicit Jefferson's hearsay statements during the cross-examination of Officer Granger" and that Jefferson "would testify to his statements related to self-defense." Dkt. No. 174 at 2. As such, the Government argues there is good cause to grant it leave to file its motion to exclude because it "could not have anticipated that the defense would seek to admit self-serving hearsay in violation of basic rules of evidence" until the December 13 meet and confer. *Id.*

Jefferson opposes the motion for leave. He argues that the Government should clearly state when it became aware of the body camera footage and Jefferson's purported self-defense statement captured in that footage. Dkt. No. 185 at 1–2. Jefferson contends that, for example, if the Government became aware of the footage and Jefferson's statement months ago, then that should be the relevant point from which the Court assesses good cause, not the December 2024 email

exchange and meet and confer that the Government highlights in its motion. *Id.* The Court disagrees; what is relevant for these purposes is not when the Government learned about the underlying alleged hearsay statement, but rather when it learned that the defense intended to introduce it at trial. Its motion to exclude only became ripe after the latter occurred.

Thus, the Court finds that the Government has shown good cause to justify granting it leave to file its motion to exclude hearsay. It was not aware that Jefferson would seek to introduce the testimony it seeks to exclude until December 4, 2024 at the earliest (*see* Dkt. No. 161 at 3 (the defense's expert report was provided to the Government on December 4)), and filed its motion for leave and underlying motion to exclude within a reasonable time thereafter.[2]

### III.  CONCLUSION

For the reasons explained above, the Court GRANTS the Government's Motion for Leave to File Pretrial Motions. Dkt. No. 174. The Government is ORDERED to re-refile its proposed motion to exclude hearsay at docket number 174-2 by no later than December 31, 2024. Jefferson's response is due by January 3, 2025, and the Government's reply is due by January 7, 2025.

Dated this 31st day of December, 2024.

Lauren King
United States District Judge

---

[2] The Court notes that between December 4 and December 24, the Government filed a response to Jefferson's motion for reconsideration (December 4, Dkt. No. 158) and two replies regarding its motions to admit evidence and quash Jefferson's trial subpoena (December 9, Dkt. Nos. 163–164). In addition, the Government's witness list, trial brief, exhibit list, and proposed jury instructions were due on December 26, 2024, Dkt. No. 122 at 1, and its response to Jefferson's motion for leave to file a motion to compel was due December 24, 2024, until the President declared it to be a national holiday on December 18, making it due December 26, Dkt. No. 171; LCrRs 12(b)(2), 45(a); Exec. Order 14129. And finally, one of its two attorneys was unavailable between December 17 and 22, and on December 24. Dkt. No. 169. The Court accordingly finds that the Government acted with reasonable diligence in filing its motion for leave on December 24.