1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

UNITED STATES OF AMERICA,

CASE NO. 2:23-cr-00109-LK

Plaintiff,

12

v.

13

JOSEPH MICHAEL QUINCY
JEFFERSON,

14

ORDER DENYING
GOVERNMENT'S MOTION TO
EXCLUDE JANE DOE FROM
TRIAL

Defendant.

15

16

This matter comes before the Court on the Government's motion made during the pretrial

17

conference to exclude the victim in this case, Jane Doe, from being present in the courtroom during

18

trial except for when she testifies, or during voir dire and closing arguments. *See* Dkt. No. 216 at

19

2; *see also* Dkt. No. 231 at 3. For the reasons described below, the Court denies the Government's

20

motion without prejudice.

21

**I.    BACKGROUND**

22

The Government plans to try Jefferson before a jury for one count of Assault by

23

Strangulation in violation of 18 U.S.C. §§ 113(a)(8) and 1153(a). Dkt. No. 13. Trial is scheduled

24

ORDER DENYING GOVERNMENT'S MOTION TO EXCLUDE JANE DOE FROM TRIAL - 1

1    to begin on January 13, 2025. Dkt. No. 115.

2        The Government indicated during the pretrial conference that it plans to call Jane Doe in

3    the early to mid-portion of its case-in-chief and will also specify that Doe may be subject to recall

4    in its rebuttal case. Relatedly, to mitigate against the risk of Doe's testimony being materially

5    altered by observing courtroom proceedings and other witnesses' testimony, it notified the Court

6    that it seeks to exclude Doe from being present in the courtroom during trial other than when

7    testifying. Dkt. No. 216 at 2. In support of its motion, the Government highlighted the risk that

8    Doe may testify inconsistently with her initial statements to law enforcement. It thus requested

9    that the Court make a finding under the Crime Victims' Rights Act ("CVRA") that there is clear

10   and convincing evidence that Doe's testimony would be materially altered if she was permitted to

11   be present in the courtroom during trial. *See* Dkt. No. 231 at 1–2.

12       Because neither Doe nor her attorney were present at the pretrial conference, the Court

13   subsequently ordered a response from Doe on this topic:

> At the pretrial conference, the Government notified the Court that it seeks to exclude Jane Doe from being present in the courtroom during trial other than when testifying. The Crime Victims' Rights Act states that a crime victim (i.e., "a person directly and proximately harmed as a result of the commission of a Federal offense") has the "right not to be excluded from any . . . public court proceeding [involving the crime], unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding." 18 U.S.C. § 3771(a)(3); see also Fed. R. Crim. P. 60(a)(2). The Government argued that Doe's prior inconsistent statements demonstrate clearly and convincingly that Doe's testimony would be materially altered if she heard other testimony at trial. Because neither Doe nor her attorney were present at the pretrial conference, the Court was not able to hear Doe[']s position on this issue. The Court accordingly ORDERS Doe to submit a brief to the Court addressing her position on her presence at trial under the Crime Victims' Rights Act by 1/7/2025. To the extent Doe wishes to be heard on this issue, she should notify the Court as soon as practicable but no later than 1/7/2025; the Court will then coordinate with Doe and the parties on a mutually agreeable date and time for the hearing.

Dkt. No. 204.

ORDER DENYING GOVERNMENT'S MOTION TO EXCLUDE JANE DOE FROM TRIAL - 2

1    On January 7, 2025, Doe submitted a brief indicating her desire "to attend and observe all

2    portions of the trial." Dkt. No. 215 at 2. To allow Doe to fully review the arguments the

3    Government made at the pretrial conference, the Court "provided the rough transcript of the

4    Pretrial Conference to Doe's counsel and allowed Doe . . . to file supplemental arguments

5    regarding her presence at trial after reviewing the transcript." Dkt. No. 220. The Court also

6    permitted the parties to submit a reply to Doe's arguments. *Id.*

7    On January 9, 2025, Doe submitted a supplemental response in support of her request to

8    be present at trial. Dkt. No. 224 at 1. The Government then filed a brief in support of its request to

9    exclude her from trial, "with the exception of voir dire, Doe's trial testimony, and closing

10    arguments." Dkt. No. 231 at 3. Jefferson has taken no position on Doe's exclusion, instead

11    encouraging the Court to hear from Doe.

## II.    DISCUSSION

**A.    Legal Standard**

14    A crime victim has "[t]he right not to be excluded from any . . . public court proceeding

15    [involving the crime], unless the court, after receiving clear and convincing evidence, determines

16    that testimony by the victim would be materially altered if the victim heard other testimony at that

17    proceeding." 18 U.S.C. § 3771(a)(3). Before excluding a victim, "a district court must find by clear

18    and convincing evidence that it is *highly likely*, not merely *possible*, that the victim-witness will

19    alter his or her testimony." *In re Mikhel*, 453 F.3d 1137, 1139 (9th Cir. 2006). "Because there is

20    always a *possibility* that one witness will alter his testimony based on the testimony of another,

21    were this the standard, a district court could without exception exclude crime victims, and

22    Congress's intent to abrogate Rule 615 with respect to crime victims would be rendered

23    meaningless." *Id.* at 1139 n.3.

24    Additionally, the CVRA provides that "the court shall make every effort to permit the

ORDER DENYING GOVERNMENT'S MOTION TO EXCLUDE JANE DOE FROM TRIAL - 3

1  fullest attendance possible by the victim and shall consider reasonable alternatives to the exclusion

2  of the victim from the criminal proceeding. The reasons for any decision denying relief under this

3  chapter shall be clearly stated on the record." 18 U.S.C. § 3771(b)(1); *see also* Fed. R. Crim. P.

4  60(a)(2) (same).

5      The CVRA is silent on who bears the burden of proof to provide "clear and convincing

6  evidence" that a victim's testimony "would be materially altered if the victim heard other

7  testimony at that proceeding." 18 U.S.C. § 3771(a)(3). However, at least one court has concluded

8  that the party seeking to exclude the victim from trial bears the burden of proof, and the Court

9  finds this approach to be reasonable. *United States v. Jim*, No. CR 10-2653 JB, 2012 WL 119599,

10  at *3 (D.N.M. Jan. 8, 2012) ("The burden thus falls to Jim, as the party seeking to exclude Jane

11  Doe from the courtroom, to present clear-and-convincing evidence that her testimony will be

12  materially altered if she is permitted to hear other witnesses testify at trial."). Thus, the Government

13  is in the odd position of having a duty to "make [its] best efforts to see that crime victims are . . .

14  accorded [their CVRA] rights," § 3771(c)(1), while also being the party seeking to exclude Doe

15  over her objection.

16  **B.      The Government Has Not Provided "Clear and Convincing Evidence" Sufficient to Support Doe's Exclusion**

17
18  The Government argues that a recent text exchange involving Doe "taken in conjunction

    with Doe's inconsistent statements, establishes by clear and convincing evidence that Doe's

19  testimony would be materially altered if she sat through the trial testimony of other witnesses."

20  Dkt. No. 231 at 3. Although this is a close call, the Government falls short of meeting its high

21  burden to justify Doe's exclusion under the CVRA.

22      Doe argues that "prior inconsistent statements or even alleged sympathy towards the

23  accused" is not enough to justify her exclusion, Dkt. No. 215 at 3, but at least one other court has

24

ORDER DENYING GOVERNMENT'S MOTION TO EXCLUDE JANE DOE FROM TRIAL - 4

1    found that a victim's "inconsistent and contradictory statements made during five interviews with

2    Navajo officials and medical professionals" might constitute a specific reason to exclude her from

3    the trial, *United States v. Begay*, No. CR 16-2011 WJ, 2018 WL 2306977, at *1 (D.N.M. May 21,

4    2018). And another case coming out the other way found it to be a close call and acknowledged

5    that a victim's inconsistent statements and the passage of time, among other things, "could make

6    it highly likely that the testimony of other witnesses would subconsciously alter their own." *United*

7    *States v. Bauldwin*, No. 19-CR-3579 MV, 2022 WL 4016745, at *3 (D.N.M. Sept. 2, 2022).

8             This Court too finds it to be a close call; however, ultimately it finds that the Government

9    has not carried its burden. Other than broad references to inconsistent statements and submission

10   of Doe's recent text messages, the Government fails to show that it is highly likely that Jane Doe

11   will materially change her testimony if she is allowed to be present at trial. *In re Mikhel*, 453 F.3d

12   at 1139; 18 U.S.C. § 3771(a)(3). In the subject text exchange, Doe complains to a friend that the

13   "prosecution is tryna keep me from watching the whole trial" but notes that the prosecution has

14   "no proof to keep me from supporting him." Dkt. No. 231-1 at 2. Doe continues: "Fingers crossed

15   I get my other half back after trial next wee[k] . . . His kids need him back. I need him back. Never

16   been so heartbroken." *Id.* That Doe appears to be a motivated defense-favorable witness does not

17   clear the high bar that Congress set for exclusion of a victim-witness from trial.

18           To be sure, Doe has made several inconsistent statements throughout the pendency of this

19   case, but—as Doe argues, Dkt. No. 224 at 2—the Government has not connected the dots between

20   specific statements and how they—in isolation or conjunction with other evidence—meet the

21   relevant standard. And as Doe also points out, the Government has not sufficiently explored

22   "reasonable alternatives" to exclusion and explained to the Court why no alternative would be

23   adequate here. *Id.* at 3–4.

24           The Government appears to have considered only one alternative: calling Doe as its first

witness. Dkt. No. 231 at 3. Even if the Court accepted the Government's reasons for why that alternative is inadequate, i.e., because it also plans to call Doe as a rebuttal witness, the CVRA surely contemplates a greater effort than considering and rejecting one alternative to a victim-witness's blanket exclusion from trial.

### III.  CONCLUSION

For the reasons stated above, the Government's motion to exclude Doe from being present a trial is DENIED without prejudice. If the Government renews its motion, it must address the deficiencies identified above.

Dated this 10th day of January, 2025.

Lauren King
United States District Judge

ORDER DENYING GOVERNMENT'S MOTION TO EXCLUDE JANE DOE FROM TRIAL - 6