UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>JOSEPH MICHAEL QUINCY<br>JEFFERSON,<br><br>               Defendant. | CASE NO. 2:23-cr-00109-LK<br><br>ORDER GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S MOTION TO EXCLUDE HEARSAY AND GRANTING JEFFERSON'S MOTION TO SEAL |

This matter comes before the Court on the Government's Motion to Exclude Hearsay, Dkt. No. 190, and Jefferson's Motion to Seal Exhibit 1 to his response brief, Dkt. No. 210. For the reasons explained below, the Court grants the motion to seal and grants in part and denies in part the Government's motion to exclude hearsay.

## I.    BACKGROUND

The Government plans to try Jefferson before a jury for one count of Assault by Strangulation in violation of 18 U.S.C. §§ 113(a)(8) and 1153(a). Dkt. No. 13. Trial is scheduled to begin on January 13, 2025. Dkt. No. 115.

The pretrial motions deadline was August 19, 2024. Dkt. No. 53. The Government did not file any pretrial motions by that date. Jefferson filed motions in limine, a motion to dismiss the indictment on due process grounds, and a motion to dismiss or cure the duplicitous indictment. Dkt. Nos. 55–57. On September 3, 2024, the Court granted in part and denied in part Jefferson's motions in limine. Dkt. No. 64. On September 9, 2024, the Court denied in part and deferred in part Jefferson's motion to dismiss the indictment on due process grounds and denied as moot his motion to dismiss or cure the duplicitous indictment. Dkt. No. 70. And on October 7, 2024, after receiving supplemental briefing on the motion to dismiss the indictment on due process grounds, the Court denied the portions of the motion upon which it had deferred ruling. Dkt. No. 105.

Because the parties' proposed supplemental briefing schedule left the Court with insufficient time to complete the remaining pretrial tasks (including a potential evidentiary hearing), on September 12, 2024 the Court *sua sponte* continued trial to October 21, 2024. Dkt. No. 74. The Court did not permit any new pretrial motions in that order. *Id.* at 5. Jefferson then filed a motion to continue trial. Dkt. No. 100. At the hearing on that motion, the parties indicated that there may be a need to file additional pretrial motions. Dkt. No. 104. The Court cautioned that because the pretrial motions deadline had passed, the parties would need leave of court to file any belated pretrial motions.

On October 17, 2024, the Court continued trial to January 13, 2025. Dkt. No. 115. It instructed the parties that any motion for leave to file additional pretrial motions must "demonstrate good cause under Federal Rule of Criminal Procedure 12(c)(3) and address why the underlying motion could not have been brought prior to the now-elapsed August 19, 2024 pretrial motion deadline." *Id.* at 4.

On December 24, 2024, the Government filed its motion for leave to file a motion to exclude hearsay, Dkt. No. 174, which the Court granted on December 31, 2024, Dkt. No. 188. In

1  the order granting the motion for leave, the Court set the briefing schedule for the underlying

2  motion to exclude: the Government had to re-file its motion by December 31, 2024, Jefferson's

3  response was due by January 3, 2025, and the Government's reply was due by January 7, 2025.

4  *Id.* at 5. The Government re-filed its motion on time, Dkt. No. 190, as did Jefferson with his

5  response, Dkt. No. 209, but the Government filed its reply about a day late, Dkt. No. 223. The

6  Government did not request an extension, nor show excusable neglect for its late filing. Fed. R.

7  Crim. P. 45(b). The Court will therefore not consider the reply brief here.

## II.    DISCUSSION

### A.    Legal Standard

10  Although not styled as one, the Government's motion to exclude hearsay is functionally a

11  motion in limine. Although parties may move "to exclude anticipated prejudicial evidence before

12  the evidence is actually offered," *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984), the Court

13  enjoys "wide discretion in determining the admissibility of evidence," *United States v. Abel*, 469

14  U.S. 45, 54 (1984), and it may amend, renew, or reconsider its rulings in limine in response to

15  developments at trial, *Luce*, 469 U.S. at 41–42.

### B.    The Government's Motion to Exclude is Granted in Part and Denied in Part

17  The Government moves to exclude Jefferson's prospective "self-serving hearsay

18  statements during his opening statement, through the cross-examination of government witnesses,

19  including Officer Granger, and during the direct examination of his expert, Mr. Russ Hicks." Dkt.

20  No. 190 at 1. The statement the Government seeks to exclude is one that Jefferson made after his

21  arrest and during transport for booking, which was captured by Officer Granger's body camera:

22  "So what are you going to say, that I can't defend myself 'cause I got a knife pulled on me?

23  [Unintelligible] I asked her to just stab me, go ahead. Doesn't matter, got your arrest." *Id.* at 1–2;

24  Dkt. No. 152-2 at 8:15–8:50.

1        1.  <u>Jefferson's Self-Serving Statement is Not a Non-Hearsay "Question" or "Inquiry"</u>

2        In general, defendants are precluded under the hearsay rules from attempting to admit their

3    own self-serving out-of-court statements into evidence. *United States v. Ortega*, 203 F.3d 675, 682

4    (9th Cir. 2000) (affirming district court's decision to preclude defendant from eliciting his own

5    exculpatory hearsay statements; holding that a defendant's non-self-inculpatory statements are

6    inadmissible hearsay); *see also e.g.*, *United States v. Kortright*, No. R2100443001TUCJCHLAB,

7    2022 WL 16793418, at *4 (D. Ariz. Nov. 8, 2022). "If exculpatory statements were admitted at

8    trial, a defendant would be able to place his exculpatory statements before the jury without

9    subjecting [himself] to cross-examination, precisely what the hearsay rule forbids." *Kortright*,

10   2022 WL 16793418, at *4 (cleaned up; citing *United States v. Fernandez*, 839 F.2d 639, 640 (9th

11   Cir. 1998)).

12       Jefferson argues that his self-defense statement is not hearsay because it was framed as a

13   question, and the hearsay rule only applies to assertive statements. Dkt. No. 209 at 1–2 (citing Fed.

14   R. Evid. 801(a)). True enough, "some questions and inquiries may constitute non-hearsay," but

15   "where the declarant intends the question to communicate an implied assertion and the proponent

16   offers it for this intended message, the question falls within the hearsay definition." *United States*

17   *v. Torres*, 794 F.3d 1053, 1056 (9th Cir. 2015). That is the case here. Even though framed as a

18   question, Jefferson is clearly attempting to communicate an implied assertion (i.e., that Doe pulled

19   a knife on him and he acted in self-defense), and he has repeatedly characterized it as an assertive

20   statement in prior briefing. *See, e.g.*, Dkt. No. 191 at 3–4 ("Mr. Jefferson told Granger that he acted

21   in self-defense to protect himself from being stabbed by the alleged victim"); Dkt. No. 152 at 2

22   ("Mr. Jefferson told Officer Granger . . . that he feared Doe would stab him with a knife and he

23   needed to act in self-defense or else get stabbed.").

24

2.  Part of Jefferson's Self-Defense Statement is Admissible for a Non-Hearsay Purpose; the Remainder of the Statement Is Excluded Under Rule 403

Jefferson next argues that the statement is not hearsay because he seeks to introduce it for its effect on the listener (a non-hearsay purpose), not to prove the truth of the matter asserted. Dkt. No. 209 at 2–5 (citing Fed. R. Evid. 801(c)). Specifically, he seeks to introduce the self-defense statement not to prove that he acted in self-defense or that Doe pulled a knife on him, but rather to show that Officer Granger heard Jefferson's self-defense statement but "dismissively hummed back at [him]" and then failed to investigate the self-defense claim despite being on notice of it. Dkt. No. 209 at 3–5.

Granted, "an out-of-court statement introduced to prove that the person to whom the statement was communicated had notice of something is not hearsay." *Patterson v. Miller*, 451 F. Supp. 3d 1125, 1141 (D. Ariz. 2020) (cleaned up), *aff'd*, No. 20-15860, 2021 WL 3743863 (9th Cir. Aug. 24, 2021). And an out-of-court statement offered to explain the course of an investigation is not hearsay, provided the course of an investigation is relevant to a party's case, as it is here. *Id.*; *see also United States v. Johnson*, 875 F.3d 1265, 1279 (9th Cir. 2017) (finding out-of-court statements were relevant to rebutting the defendant's argument that the police "were sloppy and had no reason to investigate" his property); *United States v. Law*, 990 F.3d 1058, 1062 (7th Cir. 2021) (statements made in interviews with law enforcement, when offered to show the course of an investigation, are not hearsay because they are offered to show effect on listener).

However, the Court must also consider whether the probative value of the evidence's non-hearsay purpose is substantially outweighed by the danger of unfair prejudice caused by the impermissible hearsay use of the evidence. Fed. R. Evid. 403. Where the statement sought to be introduced for non-hearsay purposes is also "some of the [party's] most persuasive evidence," courts have expressed reluctance to admit it for non-hearsay purposes "for fear of its . . . misuse"

1    and to prevent its admission from serving as "a subterfuge for the [party seeking its admission] to

2    place impermissible hearsay before the jury." *Law*, 990 F.3d at 1062–63.

3        Here, Jefferson's self-defense statement (if taken for the truth of the matter) bears on his

4    guilt or innocence. Admitting the statement thus carries a risk of prejudice. On the other hand, the

5    probative value of the statement's non-hearsay purpose, which is primarily to identify flaws in

6    Officer Granger's investigation, is important: this was the second of two times that Officer Granger

7    was told about the knife, and he still did not record it in documentation or obtain it in evidence.

8    The Court finds that the potential prejudicial effect of introducing this statement is minimized by

9    (1) the nature of Jefferson's statement compared with Jane Doe's statement that she wielded the

10   knife and (2) limiting the portion of the statement that may be admitted. Jane Doe's account that

11   she "grabbed a bread knife and [Jefferson came running at me[,] [s]o I set the knife down and that

12   was when he punched me," Dkt. No. 84 at 19, is certain to be introduced either in direct

13   examination or cross examination. Jefferson's statement, when truncated, suggests that Jane Doe

14   did just that: she "pulled" a knife on him but did not use it. Dkt. No. 190 at 1–2 ("So what are you

15   going to say, that I can't defend myself 'cause I got a knife pulled on me?"). Thus, the difference

16   between Jefferson's statement (not admitted for its truth) and Doe's (admitted for its truth) is not

17   significant. On balance, the probative value of this statement in advancing Jefferson's "flawed

18   investigation" theory outweighs the danger of prejudice.

19       The same is not true for the latter part of Jefferson's statement, "I asked her to just stab me,

20   go ahead," *id*, which is absent from Doe's statements to law enforcement, paints a picture of Doe

21   as more of an aggressor than her statement indicates, and is not needed to show its effect on the

22   listener. The minimal added probative value of the latter statement and Officer Granger's humming

23   does not outweigh the potential prejudice. Specifically, the danger that one or more jurors might

24   be unable to avoid considering this portion of the statement for its truth creates a danger of

ORDER GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S MOTION TO EXCLUDE
HEARSAY AND GRANTING JEFFERSON'S MOTION TO SEAL - 6

prejudice that substantially outweighs the minimal probative value of the statement's non-hearsay purpose. Wright & Miller, Federal Practice and Procedure § 6718 (2024 ed.) ("To the degree the jury will be unable to follow the instruction, that inability is a factor supporting exclusion of the statement.").

For the same reasons, the "just stab me" statement and subsequent humming is not admissible for other non-hearsay purposes, i.e., to show Officer Granger's bias, Dkt. No. 209 at 5–6, or to prove the statement was made, *id.* at 6. As to bias, Jefferson argues that Officer Granger's lack of investigatory response after hearing the self-defense statement and his "dismissive humming" is probative of bias. *Id.* at 5–6. As for proving the statement was made, Jefferson seeks to admit the self-defense statement not to have the jury consider its truth, but to show that Jefferson's statement triggered some investigatory responsibilities on Officer Granger's part that he did not carry out. *Id.* at 6. The duty and lack of investigatory response will be achieved by admitting the first portion of Jefferson's statement, but the remaining content of the video contains a high danger of prejudice with only little probative value for these purposes. Based on the analysis above, the probative value of admitting Jefferson's "just stab me" statement and Officer Granger's humming for these other non-hearsay purposes is substantially outweighed by the danger of prejudice from the impermissible hearsay use of the evidence.

      3.   Admissibility Under Rule 703

Finally, Jefferson argues that the self-defense statement is admissible because his police practices expert Russ Hicks relies on it for his opinion. Dkt. No. 209 at 7–8; *see also* Dkt. No. 161-2 (Hicks' report). To the extent Jefferson seeks to admit the entirety of his statement for this purpose, the Court has found that this portion of Hicks' opinion is inadmissible, so there is no basis to bring the underlying self-defense statement in under Rule 703.

**C.    Jefferson's Motion to Seal is Granted**

Finally, Jefferson moves to seal exhibit 1 to his response brief, which comprises portions of the 2023 Lummi Nation Police Department Manual. Dkt. No. 210; Dkt. No. 211 (sealed exhibit). The Court has previously permitted the 2024 manual to remain under seal. Dkt. No. 135 at 4. For the same reasons as those expressed in the Court's prior order, *id.* at 2–3 & n.2, the portions of the 2023 manual submitted by Jefferson as exhibit 1 to his response brief may also remain under seal.

### III.    CONCLUSION

For the reasons explained above, the Court GRANTS IN PART and DENIES IN PART the Government's Motion to Exclude Hearsay, Dkt. No. No. 190, and GRANTS Jefferson's Motion to Seal Exhibit 1 to his response brief, Dkt. No. 210. The parties are ORDERED to confer on an appropriate limiting instruction for Jefferson's self-defense statement that is consistent with this order. The parties must submit the proposed instruction(s) by Monday, January 13, 2025 at 12:00 p.m.

Dated this 10th day of January, 2025.

Lauren King
United States District Judge