UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>JOSEPH MICHAEL QUINCY JEFFERSON,<br><br>　　　　　　　　Defendant. | CASE NO. 2:23-cr-00109-LK<br><br>ORDER GRANTING IN PART AND DENYING IN PART JEFFERSON'S MOTION TO SEAL |

This matter comes before the Court on Defendant Joseph Michael Quincy Jefferson's Motion to Seal Exhibits. Dkt. No. 126. Jefferson requests that the Court allow exhibits 7, 9, 20, 24, and 31 filed in support of his motion to dismiss the indictment to remain under seal. *Id.* at 1; *see also* Dkt. Nos. 131 (exhibit 7), 131-1 (exhibit 9), 131-2 (exhibit 20), 131-6 (exhibit 24), 131-7 (exhibit 31). For the reasons explained below, the motion is granted in part and denied in part. Additionally, although not mentioned in the motion to seal, Jefferson also filed under seal exhibits 21, 22, and 23. Dkt. Nos. 131-3 (exhibit 21), 131-4 (exhibit 22), 131-5 (exhibit 23). After reviewing these exhibits, the Court determines that they may be kept under seal.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). When a district court considers a sealing request, it starts with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal court filings bears the burden of overcoming this presumption by providing "sufficiently compelling reasons for doing so." *Id.* Because these motions to seal are in connection with a dispositive motion—Jefferson's motion to dismiss the indictment—the Court uses the "compelling reasons" test. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1095 (9th Cir. 2016).

**Exhibits 7, 9, and 28.** All three of these exhibits are videos that were filed in physical form with the Court. Exhibits 7 and 9 depict interactions that Jane Doe, the victim in this case, had with law enforcement. Consistent with the Court's prior order sealing materials to protect Doe's privacy, Dkt. No. 70 at 12–13; Dkt. No. 105 at 21–22, these two exhibits may remain under seal. There are no less restrictive means of protecting Doe's privacy. However, exhibit 28, which is a video of Jefferson's arrest captured on body worn video, may not remain under seal. Jefferson's motion does not identify any compelling reason to overcome the "strong presumption of [public] access" to judicial records relating to a dispositive motion" with respect to this exhibit. Dkt. No. 126; *see also Gammage v. City of San Francisco*, No. 18-CV-05604-JCS, 2020 WL 1904498, at *4 (N.D. Cal. Apr. 17, 2020) (no compelling reason to keep body worn video of arrest under seal).

**Exhibit 20.** This exhibit comprises excerpts from the Lummi Nation police manual; it may remain under seal for the reasons articulated in the Court's prior orders sealing the same and/or other portions of the manual. Dkt. No. 135 at 3–4 & n.2; Dkt. No. 243 at 8.

**Exhibits 21–23.** These exhibits are still shots from inside the Lummi Police department

that were captured on body worn camera. Jefferson does not identify these exhibits in his motion to seal. However, testimony at trial indicated that these areas are not public areas and are instead locked from public access. For this reason, these exhibits may remain under seal.

**Exhibit 24.** This exhibit is a prehospital care report that details Doe's injuries. Consistent with the Court's prior order sealing materials to protect Doe's medical privacy, Dkt. No. 105 at 21–22, this exhibit may remain under seal. There are no less restrictive means of protecting Doe's privacy.

**Exhibit 31.** This exhibit is an excerpt from a transcribed interview of one of the FBI case agents involved in this matter. The Court finds no compelling reason to keep this exhibit under seal, and Jefferson offers none. Dkt. No. 126.

In sum, the Court GRANTS IN PART and DENIES IN PART Jefferson's motion to seal exhibits. Dkt. No. 126. Exhibits 7, 9, and 20 through 24 may remain under seal. The Court ORDERS the Clerk of Court to unseal Docket Number 131-7 (exhibit 31). Exhibit 28 is also unsealed.

Dated this 27th day of January, 2025.

Lauren King
United States District Judge