UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>JOSEPH MICHAEL QUINCY JEFFERSON,<br><br>　　　　　　　　　　Defendant. | CASE NO. 2:23-cr-00109-LK<br><br>ORDER GRANTING GOVERNMENT'S MOTION TO SEAL TRIAL EXHIBITS |

This matter comes before the Court on the Government's motion to seal certain trial exhibits. Dkt. No. 285. The Government requests that the Court allow the following admitted trial to remain under seal:

- **Government exhibits**: 1, 2, 3, 4, 5, 6, 17, 18, 19, 26, 31, 39, 41, 43, 46, 47, 48, 49,[1] 50, 61, 96, 103, 108, 112, 149, 158, 162, 184, 188, 191, 200, 201, 202, 203, 204, 205, 206, 207, 208, 224, 225, 226, 227, 228, 229, 230, 231, 232, 705, 1014, 1015, 1016, and 1017.[2]

---

[1] Although the Government includes exhibit 49 in its motion to seal, that exhibit was not admitted at trial, *see* Dkt. Nos. 277, 284, so the Court assumes the Government included that exhibit in its motion by mistake. The Government also did not submit exhibit 49 as a sealed exhibit. *See* Dkt. No. 286.

[2] The Government's proposed order also includes exhibit 186. Dkt. No. 285-1 at 2. That exhibit—which is a close-up

ORDER GRANTING GOVERNMENT'S MOTION TO SEAL TRIAL EXHIBITS - 1

- **Defense exhibit**: 2049.

Dkt. No. 285 at 2; *see also* Dkt. No. 286 (sealed exhibits). The Government contends that these exhibits (1) depict Doe's face to a degree that her identity might be revealed, (2) depict Doe in her underwear, and/or (3) reference Doe's real name, and that sealing these exhibits would serve the compelling interest of protecting Doe's privacy. Dkt. No. 285 at 1.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Despite the public's presumptive right of access to documents in criminal proceedings, a document may remain under seal "when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest." *United States v. Parson*, No. 3:15-cr-05262-DGE, 2022 WL 558221, at *2 (W.D. Wash. Feb. 24, 2022) (citing *United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017)).

The Court has reviewed the sealed exhibits and finds as follows:

- **Identifying or revealing photographs of Doe.** The following exhibits are photographs of Doe that either identify her or show her in underwear, and thus may remain under seal to protect her privacy: Government exhibits 1–6, 17–19, 26, 31, 39, 41, 43, 46–48, 50, 61, 96, 103, 108, 112, 149, 158, 162, 184, 188, 191, 200–08, 224–32, and Defense exhibit 2049. *See* Dkt. No. 286 at 1–47, 58–64.

- **Jefferson's non-public records.** Government exhibit 705 does not pertain to Doe; it is

---

photograph of a bruise admitted at trial, Dkt. No. 284-2 at 39—does not depict Doe's face or reveal her identity, does not depict her in underwear, or reference her name. Because the Government did not submit exhibit 186 as a sealed exhibit, and has already filed it publicly, *id.*, the Court assumes that the Government included exhibit 186 in its proposed order by mistake.

Jefferson's certificate of Indian blood, application for membership in the Lummi Tribe, and birth certificate. Although not related to Doe, exhibit 705 may nonetheless remain under seal because it contains sensitive non-public information. *Id.* at 48–53.

- **Medical diagrams depicting Doe's name and injuries.** Government exhibits 1014–17 are medical diagrams depicting Doe's full name and injuries, and may remain under seal to protect her privacy. *Id.* at 54–57.

For all of the above, there are no less restrictive means of protecting this sensitive information from public disclosure.

The Court GRANTS the Government's motion to seal trial exhibits. Dkt. No. 285. The above-listed exhibits may therefore remain under seal. For the avoidance of doubt, this excludes exhibits 49 and 186 for the reasons discussed in footnotes 1 and 2.

Dated this 9th day of April, 2025.

*[signature: Lauren King]*

Lauren King
United States District Judge

ORDER GRANTING GOVERNMENT'S MOTION TO SEAL TRIAL EXHIBITS - 3