UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH MICHAEL QUINCY JEFFERSON,<br><br>　　　　　　　　Defendant. | CASE NO. 2:23-cr-00109-LK<br><br>ORDER DENYING GOVERNMENT'S MOTION FOR POST-CONVICTION NO CONTACT ORDER AND GRANTING IN PART AND DENYING IN PART MOTION TO SEAL |

This matter comes before the Court on the Government's motion for a post-conviction no contact order, Dkt. No. 291, and motion to seal, Dkt. No. 290. For the reasons explained below, the motion for a no contact order is denied and the motion to seal is granted in part and denied in part.

## I. DISCUSSION

**A.    The Government's Motion for a Post-Conviction No Contact Order is Denied**

On January 22, 2025, a jury found Defendant Joseph Michael Quincy Jefferson guilty of Assault by Strangulation, in violation of Title 18, United States Code, Sections 113(a)(8) and 1153.

Dkt. No. 280. On April 10, 2025, the Court sentenced Jefferson to 51 months of incarceration followed by three years of supervised release. Dkt. No. 297. In the lead up to sentencing, it became "apparent to the [G]overnment that Doe continues to downplay the assault and also the danger that Jefferson poses to her," which presumably prompted it to file this motion seeking "the entry of a no contact order to ensure the administration of justice and to protect Doe from Jefferson's manipulation, power and control while Jefferson is incarcerated." Dkt. No. 291 at 6–8. Specifically, the Government seeks an order "prohibiting Jefferson from having direct or indirect contact with the victim, by any means, including in person, by mail, electronic means, or via third parties." *Id.* at 9. Jefferson and Doe oppose the motion. Dkt. Nos. 299, 300.

The Government relies on the Court's inherent authority, as no statute (e.g., 18 U.S.C. § 3582(e) or 18 U.S.C. § 1514) applies. In *Wheeler v. United States*, the Ninth Circuit held that a district court has inherent authority to impose a no contact order after trial to protect a witness. 640 F.2d 1116, 1123 (9th Cir. 1981). It established a two-part test the Government must meet in order to obtain a post-trial no contact order: (1) the restrained communications must pose a clear and present danger or a serious and imminent threat (here, to Doe), or to the administration of justice in general; and (2) the order must be narrowly drawn such that no reasonable alternatives with a lesser impact on First Amendment rights are available. *Id.* at 1124.

*Wheeler* and its progeny underscore that the Government must identify specific evidence of a clear and imminent threat and tailor its proposed remedy to that threat. In *Wheeler* itself, the Ninth Circuit upheld the district court's post-trial no contact order at least in part because it was supported by evidence of ongoing harassment. *Id.* at 1118. Applying *Wheeler*, the court in *United States v. Morris* found that a post-sentencing no contact order was warranted where the defendant continued to contact the victim and "[t]he purpose of all [his] communications ha[d] been to prolong his presence in the victim's life and to insistently communicate his desire to have an

intimate relationship with her in the future, the very type of contact for which he was incarcerated," and where the order would serve "not to punish [the defendant], but to protect his victim and her family from further harassment, and reduce the possibility of creating a reluctant witness" if the defendant were permitted to withdraw his guilty plea. 259 F.3d 894, 901 (7th Cir. 2001). In contrast, the district court in *United States v. Paquin* rejected a no contact order (in the pretrial detention context) because it found that there was no evidence that the defendant had contacted—or would contact—the domestic assault victim, and therefore no evidence existed that he posed an imminent threat to her or that the proposed restriction was necessary. 676 F. Supp. 3d 970, 977–78 (D.N.M. 2021); *see also United States v. Sims*, No. 2:21-CR-00026-GMN-BNW, 2021 WL 1062548, at *5–7 (D. Nev. Mar. 18, 2021) (proposed order preventing contact with the victims was not drawn narrowly enough).

The Government's proposed order fails both *Wheeler* prongs. First, it does not establish a clear or present danger or serious and imminent threat to Doe. It argues that Jefferson's contact with Doe threatens the administration of justice because absent a no contact order, "Jefferson will be permitted to continue to exercise power and control over Doe while he is incarcerated," and considering the special condition of supervision prohibiting him from having contact with Doe post-release, Dkt. No. 298 at 5, "this gap in the protection afforded to a victim of violent crime make little logical sense." Dkt. No. 291 at 7; *see also id.* at 8 ("Given Jefferson's conduct, there are no reasonable alternatives to the entry of a no contact order to ensure the administration of justice and to protect Doe from Jefferson's manipulation, power and control while Jefferson is incarcerated."); Dkt. No. 303 at 1–2. But the Government provides no specific evidence of recent or ongoing attempts by Jefferson to contact Doe in a threatening or intimidating manner, or in a manner that would undermine justice. In fact, on reply, the Government concedes that it "did not find evidence that Jefferson had direct contact with Doe in the months leading up to trial" while in

pretrial detention, nor any evidence that Jefferson "threatened, harassed, or assaulted Doe" while on pretrial release (before his bond was revoked). Dkt. No. 303 at 1–2. Indeed, Jefferson's ability to exert physical violence against Doe—a major concern in the post-release context—is not of particular concern while he is incarcerated. Finally, although not dispositive, Doe's opposition to the motion suggests that she does not perceive an imminent threat. Dkt. No. 300.

Second, the proposed order—prohibiting all direct or indirect contact "by any means, including in person, by mail, or electronic means, or via third parties"—is excessively broad. Dkt. No. 291 at 9. The Government does not justify this sweeping scope or consider narrower alternatives.

Because the Court denies the Government's motion, it does not consider whether it complied with its obligations under the Crime Victims' Rights Act in seeking the no contact order.

**B.     The Government's Motion to Seal is Granted in Part and Denied in Part**

The Government also moves to seal its motion for a post-conviction no contact order "due to the sensitive information related to victim's data contained therein." Dkt. No. 290 at 2.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Despite the public's presumptive right of access to documents in criminal proceedings, a document may remain under seal "when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest." *United States v. Parson*, No. 3:15-cr-05262-DGE, 2022 WL 558221, at *2 (W.D. Wash. Feb. 24, 2022) (citing *United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017)).

Here, the Government has not adequately justified its request to seal the entirety of its motion. It does not explain what kinds of sensitive information are contained in the motion (other than Doe's real name), nor does it explain why redacting that information is not a feasible alternative to sealing the entire motion. As in prior orders, the Court finds that Jane Doe's real name should be sealed. Within seven days of the date of this Order, the Government must file a copy of the motion and proposed order on the public docket that redacts references to Doe's real name.

## II. CONCLUSION

For the reasons explained above, the Government's motion for a post-conviction no contact order is DENIED, and its motion to seal is GRANTED IN PART and DENIED IN PART. Dkt. Nos. 290, 291. The Government must file a redacted version of its motion and proposed order within seven days of the date of this Order.

Dated this 23rd day of April, 2025.

Lauren King
United States District Judge